By the Court.
 

 Plaintiff in the Court of Common Pleas recovered a verdict of $10,000 for damages for personal injuries. Defendants filed a motion for judgment notwithstanding the verdict, which motion was overruled. Defendants also filed a motion for new trial, specifying ten grounds of error, the last of which was “misconduct on the part of the jury and the respective members thereof.” Subsequently defendants filed affidavits of four jurors, which affidavits recited that after the jurors decided upon a verdict for plaintiff, but could not agree upon the amount, it was agreed that each juror should place upon a slip the amount
 
 *322
 
 plaintiff should recover, that the total amount should be divided by the number of slips and that the result should be the amount the plaintiff should recover. The quotient was less than $10,000, but eleven jurors agreed to make the verdict that even sum. In support of the motion for new trial defendants produced the bailiff, who testified that at the request and in the presence of defendants’ counsel he went into the jury room approximately five minutes after the verdict was returned and that counsel for defendants removed slips' of paper from the contents of the wastebasket, which slips were placed in an envelope and handed to the trial judge, who retained possession of the slips of paper until the motion for new trial came on for hearing.
 

 The Court of Common Pleas, after finding that there was testimony tending at least to show the irregularities set forth in the affidavits of the jurors, considered the affidavits and granted a new trial upon the sole ground of misconduct of the jury.
 

 Appeal on questions of law was perfected to the Court of Appeals, the assignment of error reciting that the Court of Common Pleas was' guilty of a gross abuse of judicial discretion in granting a motion for new trial. The Court of Appeals affirmed the judgment. In its opinion that court stated that the sustaining of the motion for new trial was not a final order as abuse of discretion by the trial court did not appear. However, the Court of Appeals, notwithstanding that finding, assumed that the order was final and reviewable, stated that the reasons' advanced by the trial court were sound, and cited the opinion of the Court of Appeals in
 
 Lund
 
 v.
 
 Kline
 
 as fortifying that conclusion.
 

 This case- is in this court on appeal as of right and also upon allowance of a motion to certify the record.
 

 The ruling upon the motion for new trial in this case having been entered August 20,1937, the provisions of amended Section 12223-2, General Code, effective August 23, 1937, do not apply in this proceeding. The
 
 *323
 
 granting of a motion for a new trial was not a final order in the absence of affirmative proof of abuse of discretion by tbe trial judge.
 

 Although the granting of a motion for new trial upon the ground of misconduct of the jury, as above stated, was erroneous, such action oh the part of the trial judge did not amount to an abuse of discretion, and therefore no final order was entered from which an appeal would lie to the Court of Appeals'.
 

 The judgment of the Court of Appeals is reversed, and this cause is remanded to that court with directions to dismiss the appeal.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Day, Williams and Gorman, JJ., concur.
 

 Zimmerman, J., not participating.