THE STATE OF OHIO, APPELLEE, *v.* HUNTSMAN, APPELLANT.

(No. 68-547—Decided June 18, 1969.)

*Mr. George E. Martin*, prosecuting attorney, and *Mr. James E. Hogle, Jr.*, for appellee.

*Mr. Harry L. Griffith*, for appellant.

MATTHIAS, J. This appeal presents the question whether the state may appeal in a criminal case pursuant to Sections 2953.02 to 2953.14, inclusive, of the Revised Code, from the action of a trial judge in granting a defendant's motion for a new trial.[1]

---

[1] At the time the instant case was certified to this court as being in conflict with the Sixth District Court of Appeals decision in *Toledo* v. *Crews* (117 Ohio App. 247) and with the Third District Court of Appeals opinion in *State* v. *Dodge* (10 Ohio App. 2d 92) this court had considered the *Crews* case and announced its decision (174 Ohio St. 253) and had the *Dodge* case pending. We subsequently decided the *Dodge* case as a companion case to *Euclid* v. *Heaton*, 15 Ohio St. 2d 65.

In the *Crews* case, the city attempted to appeal pursuant to Sections 2953.02 to 2953.14, inclusive, of the Revised Code, whereas in the *Dodge* case the state attempted to appeal pursuant to Sections 2945.67 to 2945.70, inclusive, of the Revised Code. Inasmuch as it is clear from the record in the instant case that this appeal has been taken by the state pursuant to Sections 2953.02 to 2953.14, inclusive, of the Revised Code, and not pursuant to Sections 2945.67 to 2945.70, inclusive, of the Revised Code, it follows that the statutes involved in the *Dodge* case are not involved in the instant case and need not be considered.

At the outset, it should be noted that this court has only recently been persuaded to the view that an order granting a new trial constitutes a final appealable order. *Price* v. *McCoy Sales & Service, Inc.*, 2 Ohio St. 2d 131.

That question, prior to the *Price case* had been presented to this court on numerous former occasions, but always within a civil, rather than a criminal context. See, *Myres* v. *Myres*, 6 Ohio St. 222; *Concord* v. *Runnels*, 23 Ohio St. 601; *Neuzel* v. *College Hill*, 81 Ohio St. 571; *Horseman* v. *Horseman*, 85 Ohio St. 437; *Continental Trust & Savings Bank Co.* v. *Home Fuel & Supply Co.*, 99 Ohio St. 453; *Wagner* v. *Long*, 133 Ohio St. 41; *Ramsey* v. *Oyler*, 133 Ohio St. 321; *Hoffman* v. *Knollman*, 135 Ohio St. 170; *Petro* v. *Donner*, 137 Ohio St. 168; *Durbin* v. *Humphrey Co.*, 137 Ohio St. 177; *Steiner* v. *Custer*, 137 Ohio St. 448; *Klever* v. *Reid Bros. Express, Inc.*, 154 Ohio St. 491; *Green* v. *Acacia Mutual Life Ins. Co.*, 156 Ohio St. 1 (overruled by *Price* v. *McCoy Sales & Service, Inc., supra*); *Schwer* v. *New York, Chicago & St. Louis Rd. Co.*, 156 Ohio St. 115; *Johnson* v. *O'Hara*, 156 Ohio St. 117; *Mele* v. *Mason*, 156 Ohio St. 118; *Lawrence* v. *Moore*, 156 Ohio St. 375; *Schaible* v. *Cincinnati*, 157 Ohio St. 512; *Lehman* v. *Haynam*, 164 Ohio St. 595, 602; *DeTunno* v. *Shull*, 166 Ohio St. 365; *State, ex rel. Blasko,* v. *McGinnis*, 167 Ohio St. 532; *Poske* v. *Mergl*, 169 Ohio St. 70; *Thompson* v. *Titus*, 169 Ohio St. 203; *Berry* v. *Roy*, 172 Ohio St. 422; *Price* v. *McCoy Sales & Service, Inc., supra* (2 Ohio St. 2d 131).

See, also, *Davis* v. *Turner*, 69 Ohio St. 101, at page 115; *Chris Holl Hardware Co.* v. *Logan Brick Supply Co.*, 84 Ohio St. 455 (explained in *Jacob Laub Baking Co.* v. *Middleton*, 118 Ohio St. 106, at page 119); *Hocking Valley Mining Co.* v. *Hunter*, 130 Ohio St. 333; *Cincinnati Goodwill Industries* v. *Neuerman*, 130 Ohio St. 334; *Michigan-Ohio-Indiana Coal Assn.* v. *Nigh*, 131 Ohio St. 405; *Hubbuch* v. *Springfield*, 131 Ohio St. 413; *Murphy* v. *Pittsburgh Plate Glass Co.*, 132 Ohio St. 68; *Durbin* v. *Humphrey Co.*, 133 Ohio St. 367; *Hurt* v. *Charles J. Rogers Transportation Co.*, 160 Ohio St. 70; *Gray* v. *Youngstown Municipal Ry. Co.*, 160 Ohio St. 511; *Richards* v. *Indus. Comm.*, 163 Ohio St. 439; *Grieser* v. *Huntington Natl. Bank*, 176 Ohio St. 291.

In the instant case, the proceedings are criminal in nature and the appeal presently before us has been taken pursuant to the appeals chapter of the criminal code (Chapter 2953 of the Revised Code) rather than the appeals chapter of the civil code (Chapter 2505 of the Revised Code). Thus, the first question for determination is whether an order granting a new trial is a final appealable order within the context of Section 2953.02, Revised Code (which provides for review of judgments or final orders in criminal cases), as well as within the context of Section 2505.03, Revised Code (which provides for review of judgments or final orders in civil cases).

The first paragraph of the syllabus of *Price* v. *McCoy Sales & Service, Inc., supra* (2 Ohio St. 2d 131), reads as follows:

"The granting of a motion for a new trial is a final appealable order as provided in Section 2505.02 of the Revised Code. (*Green* v. *Acacia Mutual Life Ins. Co.*, 156 Ohio St. 1, overruled; *Youngstown Municipal Ry. Co.* v. *City of Youngstown*, 147 Ohio St. 221, approved and followed.)"

This rule (except for its reference to the *Youngstown* case) was adopted by a unanimous court. Unfortunately, there are two theories which could support the holding as stated in paragraph one of the syllabus. Those theories are (1) that the General Assembly, by virtue of the authority given it by Section 6 of Article IV of the Constitution of Ohio, as amended November 7, 1944, had the power to make an interlocutory order appealable and had done so, or (2) that an order setting aside a judgment and granting a new trial was a "final order" within the meaning of those words as used in Section 6 of Article IV of the Constitution as then constituted.

The theory followed by Judge Paul M. Herbert in his opinion, concurred in by three other members of the court, is not readily apparent. However, the theory followed by Chief Justice Taft in his opinion then concurred in by the remaining members of the court, which is now adopted by the majority of this court, is clearly stated at page 142 in the opinion:

"* * * I do not interpret our decision today as indicating that the General Assembly may make an interlocutory order appealable, by calling it a judgment or final order or by including it in the definition of a judgment or final order. As I see it, we are merely holding that an order setting aside a judgment and granting a new trial is a final order within the meaning of those words as used in existing Section 6 of Article IV of the Constitution."

Section 6 of Article IV, as it existed as of the date of the decision in the *Price case* (May 5, 1965), was repealed by the voters of this state in the May 7, 1968, primary election when the Modern Courts Amendment was put into effect. *Euclid* v. *Heaton*, 15 Ohio St. 2d 65; *State, ex rel. Graves* v. *Brown, ante.*, 61.

However, the language of former Section 6 of Article IV, with regard to review of judgments and final orders by Courts of Appeals of courts of record inferior to the Courts of Appeals within the district, has been incorporated into Section 3 of Article IV of the Ohio Constitution with very little change of wording.

Former Section 6 of Article IV, insofar as pertinent, read as follows:

"The Courts of Appeals shall have * * * such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders * * * of courts of record inferior to the Court of Appeals within the district * * *."

Present Section 3 of Article IV, subsection (B)(2), provides in pertinent part:

"Courts of Appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the Court of Appeals within the district * * *."

This court is persuaded to the view that the words "final order," as used in existing Section 3 of Article IV of the Constitution of Ohio, are no different in meaning from those same words as used in former Section 6 of Article IV. We are also persuaded to the view that an order setting aside a judgment and granting a new trial is a final order within the meaning of those words as used

in existing Section 3 of Article IV of the Constitution. *A fortiori*, we are convinced that the words "final order," as used in Section 2953.02, Revised Code, include within their scope an order setting aside a judgment and granting a new trial.

In the instant case, however, the order granting a new trial did not set aside a judgment. The entry was made after the verdict, but prior to any judgment entry by the court. The obvious question which presents itself is whether this distinction makes a difference with respect to the nature of the order, making it interlocutory in character rather than final. We think not.

The effect upon the action in either instance is identical. An order granting a new trial, whether it results in the vacating of a judgment entry previously made or whether it dispenses with the necessity of making a judgment entry has the effect of ending the action insofar as the trial court is concerned. Where such an order is entered in a criminal case after the return of a guilty verdict by the jury, we believe that it constitutes a final order which operates so as to determine the action insofar as the trial court is concerned. To determine otherwise would create the anomalous situation of making a new trial order a final order only if the trial court chose to make a judgment entry prior to the granting of a new trial. Thus, whether the order granting a new trial would be an appealable order would rest within the discretion of the trial court. Such a rule, we believe, would be artificial and confusing, and, indeed, not founded in logic.

Consequently, we are convinced that the order granting defendant a new trial in the instant case was a "final order," within the meaning of those words as used in Section 3 of Article IV of the Constitution and in Section 2953.02, Revised Code, and therefore appealable.

However, we encounter difficulty in the instant case with respect to allowing the state the right to appeal because the thrust of Sections 2953.02 to 2953.13, Revised Code, clearly indicates that the General Assembly was contemplating appeals by the defendant in a criminal action and not the state. As was discussed by Chief Justice

Taft in his opinion in *Toledo* v. *Crews, supra* (174 Ohio St. 253), at pages 255 and 256:

"The words of Section 2953.03 clearly indicate that Section 2953.02 is only to cover appeals 'by or on behalf of a defendant.' Section 2953.03 provides only for a 'defendant' applying for and getting what would be necessary to maintain any appeal, *i. e.*, 'a * * * transcript of the record and docket entries and entries on the journal * * * with the original papers in the case.' Section 2953.04 refers to 'filing the notice of appeal' and 'the transcript and original papers as provided in Section 2953.03.' Section 2953.05 limits the time for such appeal by referring to 'after judgment *and* sentence or from an order overruling a motion for a new trial or an order placing the defendant on probation and suspending the imposition of sentence,' all indicating the General Assembly was contemplating appeals by defendants and not by the state. Section 2953.06 provides for serving a copy of a 'notice of appeal' only upon 'the prosecuting attorney.' Sections 2953.07 to 2953.13, inclusive, also deal only with the rights of the defendant.

"* * *

"Section 2953.14, Revised Code, is the only statute relating to criminal appeals which contemplates any kind of appeal by the state. It specifically authorizes such an appeal but only 'whenever a court superior to the trial court renders judgment adverse to the state' and then only provides 'an appeal to reverse such judgment in the next higher court.' * * *

"* * *

"* * * Furthermore, any effect of the decision in *State, ex rel. Devine,* v. *Harter, supra* [167 Ohio St. 51], or of the decision in *State* v. *Dean, supra* (107 Ohio App. 219), as a recognition of a right of the state to appeal from an adverse decision in a criminal case may have been affected by the 1960 amendment of Section 2953.05 to expand the words 'judgment and sentence' so as to specifically delimit instances of final orders and judgments from which an appeal may be taken. * * *"

Although it was stated later in the opinion (at page 256) that "It is not necessary for us to determine that the

state has no right of appeal in a criminal case," and it is true that the *Crews case* decided only that the state has no right of appeal in a criminal case involving a charge of violation of a municipal ordinance except where a higher court reverses a judgment of conviction, nevertheless we find the logic convincing.

When Section 2953.05 was amended in 1960, the General Assembly again evidenced that it was contemplating only appeals by defendants pursuant to Sections 2953.02 to 2953.13, inclusive, of the Revised Code.[2] The addition of the words "or from an order *overruling* a motion for a new trial" rather than "or from an order *overruling or sustaining* a motion for a new trial" argue against the state's position that it possesses a right of appeal.[3]

Had the General Assembly wished to allow the state an appeal from an order granting a defendant's motion for a new trial it would have used language appropriate

---

[2]Prior to amendment by Amended Substitute Senate Bill No. 133 (128 Ohio Laws 141, 143) in 1960, Section 2953.05, Revised Code, provided, insofar as pertinent:

"Appeal under Section 2953.04 of the Revised Code, may be filed as a matter of right within thirty days after sentence and judgment. After thirty days from sentence and judgment, such appeal may be filed only by leave of the court or two of the judges thereof."

Section 2953.05, Revised Code, now provides, insofar as pertinent:

"Appeal under Section 2953.04 of the Revised Code, may be filed as a matter of right within thirty days after judgment and sentence or from an order overruling a motion for a new trial or an order placing the defendant on probation and suspending the imposition of sentence in felony cases, whichever is the latter. * * *"

[3]Compare the language used in Section 2953.05, Revised Code, with that used in Section 2505.07, Revised Code, which governs the time for perfecting appeals in civil cases and provides, insofar as pertinent:

"When a motion for a new trial or a motion for judgment under Section 2323.18 of the Revised Code is filed by either party within the time provided by Sections 2321.19 and 2323.181 of the Revised Code, respectively, then the time of perfecting the appeal does not begin to run, and an appeal shall not be taken, until the entry of the order *overruling* or *sustaining* the motion for judgment under Section 2323.18 of the Revised Code, or the motion for a new trial, if only one of such motions has been filed, or *overruling* or *sustaining* the last of such motions decided, if motions of both kinds shall have been filed." (Emphasis added.)

to achieve that result. Since it did not, we are convinced that no right of appeal exists in the instant case on behalf of the state from the order granting defendant's motion for a new trial.

For the foregoing reasons, the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for further proceedings.

*Judgment reversed.*

Taft, C. J., O'Neill, Herbert and Duncan, JJ., concur.*

Schneider, J., concurs in the syllabus only.