THE STATE OF OHIO, APPELLANT, *v.* DVOROVY, APPELLEE.

(No. 3720—Decided January 12, 1973.)

APPEAL: Court of Appeals for Stark County.

*Mr. David D. Dowd, Jr.,* prosecuting attorney, for appellant.
*Mr. Richard S. Donahey,* for appellee.

RUTHERFORD, P. J. From a judgment entered by the Common Pleas Court, following a hearing, awarding relief sought by petitioner in his petition filed pursuant to R. C. 2953.21, the state of Ohio, appellant herein, filed a timely notice of appeal.

The state contends that it has authority to appeal from

a judgment awarding petitioner post-conviction relief. Petitioner contends that Ohio is without authority to appeal from such judgment and therefore this court lacks jurisdiction to hear and make a determination of the merits of such appeal.

Section 6, Article IV of the Ohio Constitution, as in effect prior to and on December 9, 1967, the effective date of Sections 2953.21 to 2953.24, inclusive, of the Revised Code, insofar as pertinent, reads as follows:

"The courts of appeals shall have * * * such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders * * * of courts of record inferior to the court of appeals within the district * * *."

With little change, the provisions of Section 6, Article IV, as in effect on December 9, 1967, have been incorporated into Section 3 (B) (2), Article IV, effective May 7, 1968. It provides, in pertinent part:

"Courts of appeals *shall have such jurisdiction as may be provided by law* to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." (Emphasis added.)

The Ohio legislature enacted R. C. 2953.21 to 2953.24, inclusive, effective December 9, 1967, providing for post-conviction determinations of constitutional rights. Such post-conviction proceedings and appeals therefrom, whether post-conviction relief be awarded or denied, arise under and are likewise limited by the applicable provisions of R. C. 2953.21 to 2953.24, inclusive, and such sections are separate and apart from the statutory provisions contained in R. C. 2945.79 et seq., relating to new trials and from R. C. 2953.05, which provides for an appeal from an order overruling a motion for a new trial.

As related to a motion for a new trial, as distinguished from "post-conviction" relief, the Ohio Supreme Court in *State* v. *Huntsman*, 18 Ohio St. 2d 206, held that R. C. 2953.02 to 2953.14, inclusive, do not provide for an appeal in a criminal case upon behalf of the state from an action

of the trial judge in granting a defendant's motion for a new trial. First, because R. C. 2953.14, which determines when the state may seek review, provides only that:

"Whenever a court superior to the trial court renders judgment adverse to the state in a criminal case or proceeding, the state, through either the prosecuting attorney or the attorney general, may institute an appeal to reverse such judgment in the next higher court. * * *"

Thus, the judgment granting the motion for a new trial being by the trial court, and the state's right of appeal being only from a judgment of a court superior to the trial court, it was held that the state in a criminal case has no right of appeal from a judgment of the trial court granting a motion for new trial.

Second, the Ohio Supreme Court stated a further compelling reason for denying the right to appeal from the granting of a motion for a new trial in a criminal case to be that R. C. 2953.05 provides for an appeal from an order overruling a motion for a new trial rather than from an order either overruling or sustaining a motion for a new trial.

Now let's transfer our consideration from proceedings involving motions for a new trial back to post-conviction proceedings and the right to appeal therefrom as provided for in R. C. 2953.21 to 2953.24, inclusive, being the sections made applicable to post-conviction proceedings.

R. C. 2953.23 (B) specifically enacted to authorize and define the right of appeal from judgments rendered in post-conviction proceedings, provides:

"An order awarding or denying relief sought in a petition filed pursuant to section 2953.21, of the Revised Code, is a final judgment and *may be appealed pursuant to Chapter 2953 of the Revised Code.*" (Emphasis added.)

That an order awarding or denying relief sought in a petition filed pursuant to R. C. 2953.21 is a final judgment is consistent with the holdings of the Supreme Court of Ohio in *Price* v. *McCoy Sales and Service, Inc.*, 2 Ohio St. 2d 131, that the granting of a motion for a new trial in

a civil action is a final order as provided in R. C. 2505.02. It is also consistent with the decision in *State* v. *Huntsman, supra,* that the granting of a motion for a new trial in a criminal case is a final order, although the state does not have authority to appeal from such order because of the limitation imposed upon the state's right of appeal by the provisions of R. C. 2953.14 (which grant to the state authority to appeal, in a criminal action, only from a judgment adverse to the state, rendered by a court superior to the trial court).

The first portion of R. C. 2953.23 (B), providing that "An order awarding or denying relief sought in a petition filed pursuant to R. C. 2953.21 is a final judgment," is synonymous with the holding in *State* v. *Huntsman, supra* at 211, that the order granting a new trial was a *final order.* However, although it was a final order, it was held not to be appealable by the state due to the limitation of R. C. 2953.14 upon appeals provided for by the state.

Likewise, R. C. 2953.23 (B), although making the awarding or denying of relief sought in a petition filed pursuant to R. C. 2953.21 a final order, has further provided relative to appeal that such final order *may be appealed only pursuant to R. C. Chapter 2953.*

Thus, we again are directly confronted with the provisions of R. C. 2953.14, a part of Chapter 2953, and pursuant to which the appeal may be taken. This section provides for an appeal by the state "whenever a court superior to the trial court renders judgment adverse to the state." Clearly the common pleas court which renders post-conviction relief is the same court as the trial court and not a court superior to the trial court.

R. C. 2953.23 (B) and 2953.14 must be considered even more than in pari materia by implication, for R. C. 2953.23 (B) after defining that which constitutes a final order specifically provides that an appeal therefrom must be pursuant to Chapter 2953, and thus pursuant to the provisions of R. C. 2953.14, a part of such chapter and one which limits the right of the state to appeal judgments rendered adverse to it by a court superior to the trial court. Thus, the right

of appeal by the state under the provisions of R. C. 2953.-23 (B) is expressly limited by reference to the authority granted under R. C. 2953.14.

For the reasons set forth, we find that the state of Ohio is without authority to appeal the judgment of the common pleas court awarding the petitioner post-conviction relief, pursuant to R. C. 2953.21. We therefore render judgment dismissing the appeal and remanding this cause to the common pleas court for further proceedings according to law.

By the way of dicta, we would like to state that it is easy to understand the dilemma in which the prosecution is placed in these cases, primarily due to the fact that no statutory limitation of time has been provided for the commencement of post-conviction proceedings. Time limitations have been set for the filing of a motion for a new trial, following the entry of a not guilty plea and conviction and the filing of a notice of appeal as of right, after a sentence has been imposed. The purpose of post-conviction proceedings is not to extend the time for raising errors, but to afford the defendant an opportunity to have a hearing before the trial court on questions concerning an alleged denial of constitutional rights, which cannot be raised on direct appeal because they do not appear of record. If a defendant were to be made aware of his rights relative to post-conviction proceedings at the time he enters a plea of guilty and is sentenced, he would have as much knowledge at that time as later of any violation of his rights which it might be necessary to raise via post-conviction relief. Therefore, no reason appears for permitting a delay of several months or years in which to file such petition. As a result of such delay in the instant case, the judge who held the arraignment and sentenced defendant was no longer in office. It works to the advantage of the defendant to delay until memories have faded or witnesses are no longer available and, as in the instant case, where money found in the possession of a defendant, pertaining to the charge of grand larceny, has doubtless long ago been returned to the owners. It would seem to follow that since the state has

no authority to appeal, if the defendant is to be provided by statute with post-conviction rights in the manner by which such rights have been provided by statute, athough not constitutionally required, the legislature ought to fix a time limitation for the commencement of such proceedings, so as to require a defendant to assert such claimed rights without being permitted to use undue delay as an advantage. If required to proceed with direct appeal within the time fixed or to seek post-conviction relief, if appropriate, within a reasonable time which could be fixed, a defendant would come nearer to getting a speedy disposition of all matters, either via direct appeal or post-conviction proceedings, and neither the defendant nor the state would become handicapped by delay, and justice could be better achieved.

*Appeal dismissed.*

McLAUGHLIN, J., concurs in the judgment and the opinion except that portion of the opinion designated therein as dicta.

VAN NOSTRAN, J., dissents.

VAN NOSTRAN, J., dissenting. I dissent from the dismissal of this appeal because in my opinion an order granting the prayer of a petition to vacate or set aside a sentence, pursuant to R. C. 2953.21, is a final appealable order and appealable by the respondent, state of Ohio.

This question appears to be a matter of first impression in the state of Ohio. R. C. 2953.21, effective December 9, 1967, provides for an appeal from an order awarding or denying relief upon a petition to vacate or set aside a sentence, pursuant to R. C. 2953.23. R. C. 2953.23 provides, in pertinent part, as follows:

"(B) An order awarding or denying relief sought in a petition filed pursuant to Section 2953.21 O. R. C. is a

final judgment and may be appealed pursuant to Chapter 2953 of the O. R. C.''

The immediate question is whether the limiting provisions of R. C. 2953.14 are a bar to an appeal by the state from the allowance of post-conviction relief. It is obvious that the judgment sought to be appealed is not entered by a court superior to the trial court so as to fall within the grant of authority conferred by R. C. 2953.14. However, as pointed out by Chief Justice Taft in the *City of Toledo* v. *Crews*, 174 Ohio St. 253, the right to appeal from the judgement of a court may be conferred by constitution or statute. R. C. 2953.14 became effective on October 1, 1953. In my opinion, this court's authority to hear an appeal from the awarding of relief in post-conviction proceedings is conferred by R. C. 2953.23, which became effective December 9, 1967. There was no statutory provision for a review of judgments by the trial court such as are involved in the instant case at the time the limiting provisions of R. C. 2953.14 were adopted by the legislature. I find that the intent of the legislature in adopting R. C. 2953.23 was to allow the state an appeal from the awarding of relief in a post-conviction proceeding.

Paragraph B of that statute provides that an order awarding relief is a final judgment and may be appealed. Obviously, there would be no benefit conferred by allowing the petitioner in such proceedings to appeal an order granting relief which he himself had sought. The only reasonable conclusion must be that the legislature thereby granted the state a review of a trial court's judgment vacating what would on its face appear to be a valid conviction. In *State* v. *Huntzman*, 18 Ohio St. 2d 206, the Supreme Court of Ohio determined that the state had no appeal from the granting of a motion for a new trial. However, the court found it significant, in making that determination, that the general assembly, in providing for appeals from judgments involving new trial motions, in R. C. 2953.02, had mentioned only an order *overruling* such a motion and had failed to include orders *sustaining* such motions. The court in *Huntzman* noted that this argued

against the state's position that it possessed a right of appeal. (*State* v. *Huntzman*, supra at 213.) In the case at bar the legislature has provided for appeals from both the award and the denial of relief. The reasoning of *Huntzman* supports the state's right to appeal the granting of post-conviction relief to the defendant, by the trial court.

Where a convicted petitioner gets an "award" of relief less than he seeks in post-conviction proceedings and thereafter appeals, such appeal is not an appeal from the "award" but, rather, an appeal from the "denial" of the relief refused.

(McLAUGHLIN, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.)