[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 375.]

THE STATE OF OHIO, APPELLANT, *v.* MATTHEWS, APPELLEE.

[Cite as *State v. Matthews*, 1998-Ohio-433.]

*Criminal procedure—Final order—Appeal—Pursuant to R.C. 2505.02 and 2505.03(A), a trial court's order granting defendant new trial in a criminal case is a final appealable order that the state may appeal by leave of court.*

Pursuant to R.C. 2505.02 and 2505.03(A), a trial court's order granting the defendant a new trial in a criminal case is a final appealable order which the state may appeal by leave of court. (*State v. Huntsman* [1969], 18 Ohio St.2d 206, 47 O.O.2d 440, 249 N.E.2d 40, no longer applicable.)

(No. 96-1576—Submitted December 2, 1997—Decided April 15, 1998.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 70587.

————————

{¶ 1} On October 16, 1989, shortly after 2:30 a.m., Wayne Price was shot at the King-Kennedy housing project in Cleveland. Theodore Roulette, a drug user at the time, had gone to the King-Kennedy housing project on that same day to get some syringes. Roulette testified that he observed defendant-appellee Rasheem Matthews standing four to six feet from Price before the shooting. Roulette saw Price fall after being shot. Roulette identified defendant as the person who murdered Wayne Price.

{¶ 2} In March 1990, Roulette was arrested for theft and incarcerated in the Cleveland Jail. While in jail, Roulette met Billy Price, brother of the victim, who encouraged Roulette to give a statement to the police regarding the murder of Wayne Price. Roulette went to the Cleveland Police Department and gave them a complete statement that he had witnessed the murder.

{¶ 3} Charles Neal Paxton, a cellmate of defendant's, testified that defendant told him that he shot and killed the victim, Price, because the defendant

had given Price some drugs on credit and later found out that Price had been bad-mouthing him. Paxton gave a written statement of the defendant's admission on May 10, 1990.

{¶ 4} After trial, the jury was unable to reach a verdict, and the court declared a mistrial on June 22, 1990. At retrial on August 3, 1990, the defendant was convicted of the murder of Wayne Price. Defendant was sentenced on August 7, 1990. Defendant filed an appeal on September 5, 1990, and a motion for a new trial on November 27, 1990, which was denied on December 12, 1990. Defendant appealed the denial of his motion for new trial on January 7, 1991.

{¶ 5} On April 19, 1991, the defendant filed a motion in the trial court claiming the discovery of new exculpatory evidence, seeking an order finding that he had been unavoidably prevented from discovering the evidence, and again requesting a new trial. This motion was denied on July 1, 1991, but defendant did not appeal this denial.

{¶ 6} On June 1, 1992, the Cuyahoga County Court of Appeals affirmed defendant's conviction and the denial by the trial court of his first motion for a new trial. 80 Ohio App.3d 409, 609 N.E.2d 574. This court declined to review defendant's appeal. *State v. Matthews* (1992), 65 Ohio St.3d 1440, 600 N.E.2d 683.

{¶ 7} On July 16, 1992, the defendant again moved the trial court for an order finding that he had been unavoidably prevented from discovering new evidence, again requesting a new trial. This motion was denied on September 25, 1992. In June 1995, defendant filed another motion claiming more new evidence and again seeking a new trial.

{¶ 8} This final motion for a new trial alleged that the Assistant County Prosecuting Attorney failed to disclose to defense counsel a secret deal with one of the state's principal witnesses, Charles Paxton. Defendant claimed that the failure to disclose the secret deal with Paxton resulted in prejudice to defendant, since his

counsel was not able to attack Paxton's credibility in front of the jury by establishing that Paxton had been promised something for his testimony.

{¶ 9} On April 2, 1996, the trial court granted defendant's motion for a new trial. The state filed a motion for leave to appeal in the court of appeals. On May 28, 1996, the court of appeals denied the state's motion, stating, "Motion by appellant for leave to appeal pursuant to R.C. 2945.67 is denied."

{¶ 10} This cause is now before this court upon the allowance of a discretionary appeal.

––––––––––––––––––

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, *George J. Sadd* and *Randi Marie Ostry*, Assistant Prosecuting Attorneys, for appellant.

––––––––––––––––––

**Lundberg Stratton, J.**

{¶ 11} Section 3(B)(2), Article IV of the Ohio Constitution establishes that courts of appeals have "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *."

{¶ 12} R.C. 2505.02 provides that "[a]n order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or *an order that* vacates or sets aside a judgment or *grants a new trial is a final order* that may be reviewed, affirmed, modified, or reversed, with or without retrial." (Emphasis added.)

{¶ 13} Further, R.C. 2505.03 provides:

"(A) *Every final order,* judgment, or decree of a court * * * *may be reviewed* on appeal by a court of common pleas, a court of appeals, or the supreme court, whichever has jurisdiction." (Emphasis added.)

**{¶ 14}** R.C. 2505.02 makes the granting of a new trial a final order. R.C. 2505.03(A) states that "[e]very final order" may be reviewed on appeal. Thus, at first glance, the resolution of the issue seems clear. However, in the past, this court has arrived at a different conclusion. In *State v. Huntsman* (1969), 18 Ohio St.2d 206, 47 O.O.2d 440, 249 N.E.2d 40, this court found that an order granting a defendant a new trial was a "final order" within the meaning of those words as used in Section 3, Article IV of the Ohio Constitution and in R.C. 2953.02, and therefore appealable. *Id.* at 210-211, 47 O.O.2d at 443, 249 N.E.2d at 43. However, this court found that the thrust of R.C. 2953.02 to 2953.13 clearly indicated that the General Assembly was contemplating appeals by the defendant in a criminal action and *not* by the state. Thus, the court held that R.C. 2953.02 to 2953.14 inclusive do not provide for an appeal on behalf of the state from the action of the trial judge in granting a defendant's motion for a new trial.

**{¶ 15}** However, *Huntsman* dealt with R.C. Chapter 2953, while the case at bar involves R.C. 2505.02. Further, while the *Huntsman* court differentiated between appeals under R.C. Chapters 2953 and 2505, finding that R.C. Chapter 2505 covered civil appeals, this court has since applied R.C. 2505.02 to criminal cases. See *State v. Davidson* (1985), 17 Ohio St.3d 132, 17 OBR 277, 477 N.E.2d 1141, where this court held that an order granting a motion seeking to suppress evidence "[is] a final appealable order within the meaning of R.C. 2505.02." *Id.* at 135, 17 OBR at 280, 477 N.E.2d at 1145. Therefore, we have already implicitly held that R.C. 2505.02 applies to all appeals, civil and criminal.

**{¶ 16}** In this case, the court of appeals denied leave to appeal pursuant to R.C. 2945.67, which provides that "[a] prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case * * * which grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief * * * and may appeal by leave of the court to which the appeal

4

is taken any other decision, except the final verdict, of the trial court in a criminal case * * *."  R.C. 2945.67(A).

{¶ 17} R.C. 2945.67(A) is unique to criminal cases, dealing with procedural aspects that occur only in criminal cases, and draws a distinction between an appeal as of right and an appeal by leave.  This statute enumerates four trial court decisions from which the state may appeal as a matter of right:  a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, a motion for the return of seized property, or a motion granting postconviction relief.  R.C. 2945.67(A).  All other appeals are by leave at the discretion of the court of appeals, except, of course, that the state may not appeal a final verdict.

{¶ 18} One could argue that R.C. 2945.67, as enacted November 1, 1978, implicitly overruled *Huntsman* and expanded state appeals by leave to include orders granting new trials.  To clarify any lingering confusion, we hold that pursuant to R.C. 2505.02 and 2505.03(A), a trial court's order granting the defendant a new trial in a criminal case is a final appealable order.  However, the state may appeal from that order only by leave of the court to which the appeal is taken, pursuant to R.C. 2945.67(A).  *State v. Huntsman*, 18 Ohio St.2d 206, 47 O.O.2d 440, 249 N.E.2d 40, is no longer applicable.

{¶ 19} A motion for a new trial is addressed to the sound discretion of the trial court, and the court's ruling on the motion will not be disturbed on appeal absent an abuse of discretion.  *State v. Schiebel* (1990), 55 Ohio St.3d 71, 564 N.E.2d 54, paragraph one of the syllabus.  The defendant's first motion for new trial alleged that Roulette later received consideration for his testimony after both he and the prosecution denied the existence of a deal.  The second motion for new trial alleged that a man named Raymond Marks came forward on April 4, 1991 to confess that he was the individual who murdered Wayne Price.  The third motion for new trial alleged that Roulette provided a sworn statement recanting his prior trial testimony where he identified defendant as the murderer.  Finally, the fourth

motion for new trial was based on a combination of Roulette's alleged recantation, Roulette's alleged secret deal with the state, and newly discovered evidence of Paxton's alleged secret deal with the state.

{¶ 20} Granting or denying the state's motion for leave to appeal in a criminal case is solely within the discretion of the reviewing court. *State v. Fisher* (1988), 35 Ohio St.3d 22, 517 N.E.2d 911, paragraph two of the syllabus; *State v. Ferman* (1979), 58 Ohio St.2d 216, 12 O.O.3d 206, 389 N.E.2d 843. Although the court of appeals in its 1992 affirmance of defendant's convictions and the denial of defendant's first motion for new trial did indeed address the possibility of secret deals between the state and Roulette and Paxton, it was not until after defendant was convicted that Roulette and Paxton actually would have received any leniency. Thus, while these early references to the alleged deals with Roulette and Paxton could be seen as barring the granting of defendant's final motion for new trial due to considerations of *res judicata,* see *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, that was for the trial court to decide in granting the final motion for new trial. From the numerous and varied motions for new trial alleging secret deals, recantations, and even another possible killer, the facts of this case are so murky that we cannot determine whether the court of appeals should have granted leave to appeal.

{¶ 21} We are now clarifying that under R.C. 2505.02 and 2505.03(A), a trial court's order granting the defendant a new trial in a criminal case is a final appealable order which the state may appeal by leave of court. Thus, at the time this matter was before the court of appeals, it was unclear whether *Huntsman* was the law and whether orders granting a new trial in criminal cases were final appealable orders.

{¶ 22} In this case, the appellate court's decision consisted of only one line: "Motion by appellant for leave to appeal pursuant to R.C. 2945.67 is denied." The court of appeals' order overruling the state's motion for leave to appeal fails to

reveal the basis upon which the court relied. It is unclear whether the court of appeals denied leave to appeal under R.C. 2945.67 because it assumed that an order granting a motion for a new trial was not a final order appealable by the state or whether the court simply denied leave under its discretionary authority. Therefore, because this court now clarifies that an order granting a new trial in a criminal case is a final appealable order, we remand to the court of appeals for further proceedings not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

RESNICK and PFEIFER, JJ., concur.

MOYER, C.J., concurs in the syllabus and judgment.

DOUGLAS and F.E. SWEENEY, JJ., dissent.

COOK, J., dissents.

——————————

**DOUGLAS, J., dissenting.**

{¶ 23} I respectfully dissent. The granting of a new trial in a criminal case to a defendant is a final order which may be appealed by the state as a matter of right. The last prong of R.C. 2505.02 is clear and unambiguous: "An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment*, or an order that vacates or sets aside a judgment or grants a new trial* is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial." (Emphasis added.) Since such an order is final, it, without more, becomes appealable pursuant to R.C. 2505.03(A). These sections of the code need to be applied—not interpreted.

{¶ 24} Accordingly, I believe that both the majority opinion and the dissent of Justice Cook are in error. This is not an R.C. 2945.67 case or issue. The language "and may appeal by leave of the court" in R.C. 2945.67 refers only to

those orders which are not final in and of themselves and which are not, pursuant to the statute, appealable as of right. To discuss R.C. 2945.67 in the context of a clear R.C. 2505.02-.03 case only adds to what the majority describes as "lingering confusion." Today we turn "lingering confusion," if there was any, into "rampant confusion." I am compelled to dissent.

F.E. SWEENEY, J., concurs in the foregoing dissenting opinion.

—————————————

**COOK, J., dissenting.**

{¶ 25} I agree with the majority that, pursuant to R.C. 2945.67(A), the grant of a motion for new trial is a final order which the state may appeal only by leave of court. However, I do not believe it is judicially prudent to address our decision in *Huntsman.* Nor do I believe it is necessary to remand the cause to the appellate court. I therefore respectfully dissent.

{¶ 26} In *State v. Huntsman* (1969), 18 Ohio St.2d 206, 47 O.O.2d 440, 249 N.E.2d 40, this court held that former R.C. 2953.02 (providing for review of judgments or final orders in criminal cases) did not afford the state a right to appeal from a trial court order granting the defendant a new trial. In reaching this conclusion, the court stated:

"When Section 2953.05 was amended in 1960, the General Assembly again evidenced that it was contemplating only appeals by defendants pursuant to Sections 2953.02 to 2953.13, inclusive, of the Revised Code." *Id.* at 213, 47 O.O.2d at 444, 249 N.E.2d at 44-45.

{¶ 27} Many of the code sections relied upon in *Huntsman* have since been repealed. Moreover, discussion and application of R.C. 2945.67, which specifically addresses the situation at hand, is absent from the *Huntsman* analysis. As a result,

I believe that the decision in *Huntsman* was correct in the context in which it was made:  Former R.C. 2953.02 did not provide for appeals by the state.[1]

{¶ 28} By analyzing *Huntsman* in the context of the case at bar, the majority creates the appearance that it bears some relevance to the issue at hand.[2]  It is not the case that *Huntsman* is "no longer applicable," but that it is not applicable to the present situation.  For those members of the bar depending upon this court for guidance, I am concerned that the majority's treatment of *Huntsman* misrepresents both its status as legal precedent and the legal basis for reaching our conclusion.

{¶ 29} In *Hunstman,* this court determined that an order granting a new trial is a final appealable order in the criminal, as well as the civil, context, and that "[s]ections 2953.02 to 2953.14, inclusive, of the Revised Code, do not provide for an appeal on behalf of the state from the action of a trial judge in granting a defendant's motion for a new trial."  *Id.,* 18 Ohio St.2d 206, 47 O.O.2d 440, 249 N.E.2d 40, syllabus.  These propositions are still good law.  By engaging in this tangential analysis, the majority creates an opportunity for misconstruction of its holding.

{¶ 30} As for the remand to the court of appeals, I believe it to be unnecessary.  By its assessment that the appellate court's decision may have been based on a view that it lacked jurisdiction, the majority discounts the well-settled notion that a reviewing court does not presume error by an inferior court.  Rather, we are to indulge in all reasonable presumptions consistent with the record in favor of lower court decisions on questions of law, *Fletcher v. Fletcher* (1994), 68 Ohio

---

1.  Those sections of R.C. Chapter 2953 that are discussed in *Huntsman* and are currently in existence, R.C. 2953.03, 2953.07 to 2953.11, and 2953.13, still do not provide for appeals by the state from any final order except that of sentencing.  See R.C. 2953.08(B).  R.C. 2953.14, also discussed in the *Huntsman* opinion, today provides, as it did in 1969, for appeals by the state from adverse decisions rendered by courts *superior to the trial court.*

2.  The appellee did not file a brief or argue in this case.  Neither the appellant's brief nor the order of the court of appeals mentions *Huntsman*.

St.3d 464, 468, 628 N.E.2d 1343, 1347, and presume that the court of appeals properly exercised its discretion in denying the state leave to appeal.  Accordingly, I would affirm the decision of the court of appeals.

_____