This cause was heard upon the record in the trial court, and the following disposition is made:
{¶ 1} Appellant, Douglas Vanelli, appeals from a judgment of the Wayne County Court of Common Pleas, which denied his motion for jail time credit and denied his motion to modify sentence. We dismiss the appeal for lack of jurisdiction.
 I. {¶ 2} On May 4, 2000, Appellant was indicted on one count of assault on a peace officer, in violation of R.C. 2903.13, and one count of escape, in violation of R.C. 2921.34. The State subsequently filed a bill of information, charging Appellant with resisting arrest, in violation of R.C. 2921.33(B). The charge of assault on a peace officer was dismissed. Appellant entered a plea of guilty to the charges of escape and resisting arrest, and the trial court sentenced him to a fine of $500 on the charge of resisting arrest and two years of community control and costs on the charge of escape.
 {¶ 3} Thereafter, Appellant was charged with a community control sanction violation on June 11, 2001. Appellant stipulated to the violation and was ordered to perform an additional 20 hours of community service. On July 10, 2001 a complaint was filed for an additional community control sanction violation. Appellant stipulated to this violation as well. On November 15, 2001, the trial court revoked the appellant's community control and ordered him to serve six months in prison on resisting arrest and 12 months in prison for escape. The court ordered the sentences to be served consecutively for a total of 18 months, and Appellant was given credit for three days served.
 {¶ 4} On January 9, 2002, Appellant filed a motion for jail time credit, arguing that he was entitled to credit from May 1, 2000 until August 13, 2000, for a total of 104 days. On January 11, 2002, Appellant filed a motion to vacate payment of fines, court costs, and restitution. The trial court denied both motions.
 {¶ 5} On March 29, 2002, Appellant filed a motion to modify his sentence; Appellant requested that the court modify the sentences to run concurrently, rather than consecutively. The court denied the motion on May 2, 2002. Appellant filed an appeal from this judgment; however, the appeal was dismissed for failure to file an appellate brief. On August 21, 2002, Appellant filed a second motion for jail-time credit. On October 2, 2002, he filed his second motion to modify his sentence. On October 16, 2002, the trial court denied both motions. This appeal followed.
 II. Assignment of Error No. I. "IT WAS UNLAWFUL, AND THEREFORE ERRONEOUS, FOR THE TRIAL COURT TO IMPOSE CONSECUTIVE SENTENCES FOR A FELONY AND MISDEMEANOR AT THE SAME TIME."
 Assignment of Error No. II "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN CONTRAVENING WELL-SETTLED OHIO SUPREME COURT PRECEDENT AND REVIEWING COURTS' COMITY THAT ALL TIME SPENT IN A CONFINED FACILITY MUST BE ACCREDITED TO THE ULTIMATE SENTENCE IMPOSED FOR A CONVICTED OFFENSE."
 ¶ 6 In his first assignment of error, Appellant challenges the imposition of consecutive sentences. His second assignment of error challenges the trial court's calculation of jail time credit. In light of the fact that we conclude that this Court lacks jurisdiction over this appeal, we dismiss the appeal.
 {¶ 7} Section 3(B)(2), Article IV of the Ohio Constitution limits this court's appellate jurisdiction to the review of final judgments of lower courts. SeeState v. Matthews (1998), 81 Ohio St.3d 375, 376-377;State v. Muncie (2001), 91 Ohio St.3d 440, 444. In this case, Appellant has appealed from the denial of his second motion for jail time credit and the denial of his second motion to modify his sentence. In essence, Appellant was moving the trial court to reconsider its judgments on Appellant's prior motions as well as the trial court's sentencing entry.
 {¶ 8} It is axiomatic that there is no rule that allows a party to move a trial court for reconsideration of a final judgment. SeeState v.Harbert, 9th Dist. No. 20955, 2002-Ohio-6114, ¶ 24, citing Pittsv. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, 380. "A motion for reconsideration of a final judgment is a nullity which does not suspend the time for filing a notice of appeal, and any order granting such a motion is likewise a nullity. `It follows that because a judgment entered on a motion for reconsideration is a nullity, a party cannot appeal from such a judgment.'" (Citations omitted.) Harbert at ¶ 24-25.
 {¶ 9} The record reveals that Appellant was sentenced on the community control sanction violations on November 15, 2001. The trial court's judgment entry specified that the sentences were to run consecutively and that Appellant was given credit for three days. Appellant did not file a direct appeal from that order. Instead, he filed multiple motions with the trial court in attempts to challenge the sentence and the calculation of jail time credit. The November 15, 2001 judgment entry was final and appealable, yet Appellant failed to timely appeal from that order. Appellant has filed a notice of appeal from a judgment on a motion to reconsider. Such a judgment is a nullity and is not a final, appealable order. Accordingly, we lack jurisdiction over the appeal.
 III. {¶ 10} As Appellant has failed to appeal from a final, appealable order, the appeal is dismissed for lack of jurisdiction.
SLABY, P.J. and BATCHELDER, J. CONCUR.