Lanzinger, J.,
concurring in judgment only.
{¶ 36} The court of appeals contends that it does not patently and unambiguously lack jurisdiction over the state’s appeal because the state has a right to appeal the trial court’s modification of the rape count to attempted rape pursuant to R.C. 2945.67(A). However, the state requested this change and would have no right to appeal the “dismissal” of the rape count under the invited-error doctrine. See State v. Bey (1999), 85 Ohio St.3d 487, 493-494, 709 N.E.2d 484.
{¶ 37} In any event, the state’s appeal does not concern the amendment of the rape count, but rather the decision to grant a new trial as to the penalty phase of the proceedings. This court has previously held that a decision granting a new trial in a criminal case is a final appealable order that the state may appeal by leave of court. State v. Matthews (1998), 81 Ohio St.3d 375, 691 N.E.2d 1041, syllabus. Because the state did not seek leave to appeal, the court of appeals *413 patently and unambiguously lacks jurisdiction to hear the state’s appeal. I therefore concur in the judgment to grant the writ of prohibition.
Dennis C. Belli; and Timothy Young, State Public Defender, and Randall L. Porter, Assistant Public Defender, for relator.
Joseph T. Deters, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, for respondents.