[Cite as *Bzdafka v. Bretz*, 2011-Ohio-3982.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95840**

## JENNIFER BZDAFKA, ET AL.

PLAINTIFFS-APPELLEES

vs.

## ROBERT BRETZ

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-700346

**BEFORE:** S. Gallagher, J., Sweeney, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** August 11, 2011
**ATTORNEY FOR APPELLANT**

Thomas M. Coughlin, Jr.,
Ritzler, Coughlin & Paglia, Ltd.
1360 East Ninth Street
1000 IMG Center
Cleveland, OH 44114

**ATTORNEY FOR APPELLEES**

James L. Burns
24441 Detroit Road
Suite 300
Westlake, OH 44145

SEAN C. GALLAGHER, J.:

{¶ 1}  Defendant-appellant Robert Bretz appeals the judgment of the Cuyahoga County Court of Common Pleas that granted the motion for new trial of plaintiffs-appellees Jennifer and Jim Bzdafka.  For the reasons stated herein, we affirm the judgment of the trial court.

{¶ 2}  On November 30, 2005, Jennifer Bzdafka ("Bzdafka") was in a rear-end automobile accident caused by Bretz.  Bretz estimated to the responding officer that the speed he was traveling was about five miles per hour.  He did not suffer any injuries, and the damage to his truck was to the front-end bumper and grill.  No injuries were reported at the scene.

**{¶ 3}** On July 31, 2009, Bzdafka and her husband Jim filed a complaint against Bretz. Bzdafka sought to recover for injuries and damages caused by the accident. The complaint included a loss of consortium claim.

**{¶ 4}** The case proceeded to a jury trial. Bretz accepted responsibility for the accident, but he disputed the extent of injury.

**{¶ 5}** At trial, Bzdafka presented expert medical and dental testimony. She claimed she suffered an aggravation of preexisting cervical and lumbar degenerative injuries, an aggravation of an asymptomatic carpel tunnel syndrome injury, and dental injuries resulting in five root canal procedures. She alleged that she sustained personal injuries in the amount of $51,000. She also received an estimate for a little over $6,500 to repair her vehicle.

**{¶ 6}** As stated by the trial court, "Plaintiffs presented by videotape the expert testimony of treating pain management physician, Dr. Phillip Berenger. His testimony attributed the plaintiff's post accident physical problems and 3 1/2 years of medical expenses because of aggravation of preexisting degenerative back condition. He found that $51,000 was reasonable and necessary to treat these continuing medical problems as a result of the accident. Her treating dentist, Dr. Douglas Voiers, also testified that the repeated dental treatments (including 5 root canal procedures) were reasonable and necessary to fix the dental damage caused by the collision in the amount of $7,402. He testified this was caused by the clenched teeth of Jennifer anticipating the crash."

{¶ 7} During her direct examination, Bzdafka testified to the medical and dental treatment she received for her alleged injuries. This included testimony about chiropractic treatments she received from Dr. Geoffrey Poyle before and after the accident and about how the pain and treatments were different. Medical records from the date of the accident to the time of trial were included in her exhibits.

{¶ 8} During Bzdafka's cross-examination, defense counsel handed her defendant's Exhibit A, which was represented to be Dr. Poyle's office notes from February 28, 2002 to November 22, 2005, predating the accident. Bzdafka indicated that the exhibit appeared to be Dr. Poyle's office notes for her visits. Defense counsel questioned Bzdafka from these records. Bzdafka proceeded to testify to her independent recollection of the symptoms she presented with to Dr. Poyle and her treatment with him.

{¶ 9} No objection was raised with regard to the authenticity of the exhibit, the use of the exhibit to refresh Bzdafka's recollection or to impeach her testimony, or otherwise concerning the admissibility of her testimony. Also, the transcript does not reflect that Bzdafka testified from the exhibit. Instead, there were times when Bzdafka indicated she did not remember and "would have to look at the records." Defense counsel proceeded to ask for her recollection "independently of the records."

{¶ 10} However, when defense counsel moved to admit the pre-accident chiropractic records, plaintiffs' counsel objected to the admission of the exhibit. Plaintiffs' counsel indicated he had not been given a copy of the records and disputed their authenticity. The trial court overruled the objection and admitted the exhibit.

{¶ 11} During closing argument, defense counsel argued that there had been no evidence of any structural damage caused to Bzdafka by the accident, that she had preexisting degenerative conditions, that the accident caused a flare-up of her conditions, and that the accident was unrelated to her dental problems. In the course of closing argument, defense counsel heavily referenced defendant's Exhibit A and the numerous visits Bzdafka made to Dr. Poyle's office and the symptoms she presented preceding the accident.

{¶ 12} The jury returned a verdict in favor of Jennifer Bzdafka in the amount of $8,000. It awarded zero dollars on the loss of consortium claim.

{¶ 13} Plaintiffs filed a motion for judgment notwithstanding the verdict, or in the alternative, motion for new trial. They asserted the award was inadequate, against the weight of the evidence, and otherwise contrary to law, and they claimed the award arose out of the improper and prejudicial admission of the pre-accident medical records of Dr. Poyle without authentication. The trial court granted the motion for new trial.

{¶ 14} Bretz timely filed this appeal.[1] His sole assignment of error challenges the trial court's decision to grant plaintiffs a new trial.

{¶ 15} Civ.R. 59(A) provides in pertinent part that "[a] new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds: (1) Irregularity in the proceedings of the court; * * * (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice; * * *

---

[1] An order that grants a new trial is a final appealable order. R.C. 2505.02(B)(3).

(6) The judgment is not sustained by the weight of the evidence; (7) The judgment is contrary to law; * * * (9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application."   A motion for new trial is within the sound discretion of the trial court, and the court's ruling on the motion will not be disturbed on appeal absent an abuse of discretion.   *State v. Matthews*, 81 Ohio St.3d 375, 378, 1998-Ohio-433, 691 N.E.2d 1041.

{¶ 16} In this case, Bretz used the pre-accident medical records to impeach Bzdafka.   No objection was raised during Bzdafka's testimony in relation to the defense exhibit.   Therefore, any objection in regard to her testimony was waived.

{¶ 17} However, at the time the defense exhibit was offered into evidence, plaintiffs' counsel objected to the authenticity of the exhibit and argued it had not been disclosed.   While Bzdafka, who was the patient, testified that the exhibit appeared to be Dr. Poyle's office notes from her visits predating the accident, she was not a proper person to authenticate these records.   See *Laporte v. J.P. Food Serv., Inc.*, Lake App. No. 2000-P-0103, 2001-Ohio-4314.   Neither Dr. Poyle nor a custodian of these records testified at court, and there was no written certification attesting to the records. Therefore, the records did not meet the authenticity requirements of Evid.R. 901 and were not admissible into evidence.   Without proper authentication, the trial court erred in ordering the admission of defendant's Exhibit A at trial.

{¶ 18} Furthermore, we cannot say that the admission was harmless, as Bzdafka did not testify to the contents of the records.   Instead, she did not recall much of the

information contained therein. Also, defense counsel heavily referenced these records in closing argument. It is readily apparent that the submission of this exhibit to the jury was prejudicial to plaintiffs' case. Therefore, the trial court did not abuse its discretion in ordering a new trial due to an irregularity in proceedings and an error of law occurring at trial.

{¶ 19} The trial court also found that the jury award of $8,000 was not sustained by the manifest weight of the evidence "since no award could possibly have been made for any dental injury ($7,402) which was supported by undisputed evidence of Dr. Voiers" and no award was made on the loss of consortium claim, reflecting passion or prejudice of the jury. The court further recognized as follows: "Although defense counsel cross-examined the plaintiffs' experts it is fair to say that he did not impeach their opinions that the collision proximately caused or accelerated preexisting degenerative conditions, which necessitated the problems and medical expenses incurred."

{¶ 20} We recognize that Bretz was not required to present expert evidence of his own and could rely on cross-examination of plaintiffs' experts to refute plaintiffs' claims. See *McWreath v. Ross*, 179 Ohio St.3d 227, 2008-Ohio-5855, 901 N.E.2d 289, ¶ 79-88. However, the trial court found that not only was there no expert testimony to contradict plaintiffs' experts, but also, on cross-examination, the experts did not contradict their opinions. While Bretz argues that he questioned Dr. Voiers about preexisting dental conditions on Bzdafka's injured teeth and that Jim Bzdafka did not establish any monetary loss on his loss of consortium claim, the trial court also recognized the

prejudicial effect caused by the pre-accident medical records used to discredit Bzdafka's claims.

{¶ 21} "When in the exercise of discretion a trial court decides to grant a new trial and that decision is supported by competent, credible evidence, a reviewing court must defer to the trial court. In such a case, the reviewing court may not independently assess whether the verdict was supported by the evidence, because the issue is not whether the verdict is supported by competent, credible evidence, but rather whether the court's decision to grant the new trial is supported by competent, credible evidence." *Harris v. Mt. Sinai Med. Ctr.*, 116 Ohio St.3d 139, 2007-Ohio-5587, 876 N.E.2d 1201, ¶ 46. According deference to the trial court's decision in this matter, we conclude the trial court did not abuse its discretion in granting plaintiffs' motion for a new trial. Bretz's sole assignment of error is overruled.

Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

JAMES J. SWEENEY, P.J., and
LARRY A. JONES, J., CONCUR