Eobinson, J.
 

 This case presents the troublesome question of the discretion of the court in ruling upon a motion for a directed verdict.
 

 Unquestionably, where the evidence responds to the issues made by the pleadings, and no showing is made or developed by the trial for not indulging the presumption, that is otherwise indulged, that the parties have presented by the evidence introduced
 
 *482
 
 all the facts pertinent to the controversy, it is the absolute duty of a court, upon determining that there is no evidence tending to prove plaintiff’s cause of action, or no evidence tending to prove defendant’s affirmative ground of defense, as the case may be, to sustain such a motion.
 

 On the other hand, where a showing is made, or it appears from the trial or some incident of the trial that such an assumption would do violence to a reality and that justice would be defeated by the direction of a verdict, the court has a sound discretion, in the furtherance of justice, to overrule such motion and to afford to the parties an opportunity, by further pleading or by further evidence, to do that which at the end of every trial they are presumed to have done; that is, to have pleaded such facts and introduced at the trial such evidence as they are able to secure, or so much thereof as they regard as .necessary and pertinent to an understanding and determination of the controversy.
 

 While statutes are enacted and rules of law are evolved to enable courts to administer justice according to law and not according to the conscience of any particular individual who chances for the time being to function as a court, the machinery so created for the purpose of accomplishing justice will not be so operated as to defeat its own purpose.
 

 Where, therefore, in the instant case, the trial court reached the conclusion that the defendants, through a misconception of the effect of their pleading, had without objection introduced evidence to the effect that they had paid the Massillon Refractories Company for material which, under their written contract with the plaintiff, he was to furnish,
 
 *483
 
 and had introduced such evidence as proof of payment to the plaintiff, and under the pleadings such evidence did not tend to prove such payment, but by an amendment to the pleadings it could be credited upon the sum due him, and that it had been offered for that purpose, he had a sound discretion, in the furtherance of justice and to prevent a snap judgment, to overrule the motion and permit an amendment to the answer of the defendants to make the pleadings conform to the proof.
 

 While the logical order of the proceeding to accomplish that result would have been for the defendants to have made a motion for such leave prior to the ruling of the court upon the motion for a directed verdict, however, since by Section 11363, General Code, power is conferred upon the trial court to
 
 sua sponte
 
 amend a pleading, or to require an amendment thereto, the order of the presentation of the several motions in the instant case is not significant.
 

 The necessity for the continuance of the case grew out of the fact that the plaintiff objected to an amendment to the answer and the fact that the evidence upon the subject of payment, which had been irrelevant and immaterial prior to the amendment, became by the proposed amendment relevant and material; and, since the plaintiff had offered no evidence to controvert the same, an opportunity had to be afforded him to meet and refute, if he could, the evidence thus made relevant and material, to prevent the inuring of an unfair advantage to the defendants by reason of the amendment.
 

 Had a state of facts existed whereby the duty of the court to direct a verdict became absolute, then
 
 *484
 
 a refusal to so direct would have constituted a final order, preventing a judgment upon which a proceeding in error could have been predicated; but where the overruling of such a motion is for the purpose of enabling an amendment to the pleading, conforming it to the evidence, or for some other good cause appearing to the court by the whole trial or some incident thereof, or by showing made, the court may in the furtherance of justice exercise a sound discretion and amend the pleading, or reopen the case, or both; and, that no advantage may inure to either party over the other by reason thereof, if the situation in his judgment requires it, he may withdraw a juror and continue the case. Neither the overruling of the motion to direct a verdict under the circumstances of this case, nor the withdrawing of a juror and the continuing of the case to another term, constituted a final order upon which a proceeding in error could be predicated. The rights of the parties were never adjudicated in the trial court, and the case was pending there for trial when the Court of Appeals attempted to exercise jurisdiction in error.
 

 Judgment reversed and cause remanded.
 

 Marshall, C. J., Kinkade, Jones, Matthias, Day and Allen, JJ., concur.