LATIMER, APPELLANT, *v.* MORRIS ET AL., APPELLEES.

[Cite as Latimer v. Morris (1971), 27 Ohio App. 2d 66.]

(No. 159—Decided August 11, 1971.)

*Messrs. Koch & Koch,* for appellant.

*Messrs. Hunt & Hunt,* for Juanita Morris and O. Kermit Dealey and *Mr. John F. Demuth,* for Henry Dealey, appellees.

GUERNSEY, J. (presiding). This cause is before this court on a motion to dismiss the appeal as not being from a final appealable order. The cause originated as an action to contest a will and, after trial to a jury, verdict was rendered finding that the will was not the last will of the decedent. Before judgment was entered on the verdict two of the defendants filed their motion for "a new trial * * * and that the court declare a mis-trial" for reasons which are not pertinent to the decision of this motion but which would be pertinent to a determination of this appeal on its merits. The trial court thereupon ordered that the verdict be set aside and assigned the cause for a (new) trial at a stated date.

It has been held by the Supreme Court that an order declaring a mistrial and continuing the case upon the trial docket does not constitute a final order upon which an appeal may be predicated. *Kauffman* v. *Schauer*, 121 Ohio St. 478. However, a mistrial is ordinarily declared by withdrawing a juror *before verdict*, *i. e.*, before the factual issues are determined by the trier of facts. Here the factual issues had been determined and all that was left for the court to do in response to such determination was to enter judgment upon the verdict. Indeed, in a will contest action, unlike other civil actions, the trial judge is limited by statute in his power to enter any judgment except one responsive to the verdict. R. C. 2741.04 prescribes that the "verdict shall be conclusive, unless a new trial is granted, or the judgment is reversed or vacated."

The issue thus resolved is whether an order setting aside a verdict and ordering a new trial pursuant to a motion for new trial filed after verdict and before judgment is a final appealable order.

R. C. 2321.19 formerly prescribed that "the application for a new trial must be made *within ten days after* the journal entry of a final order, judgment, or decree has been, * * * filed with the clerk of the court for journalization * * * ." (Emphasis added.) Civil Rule 59(B) now prescribes that a "motion for a new trial shall be served not later than fourteen days after the entry of the judgment."

It will be observed that this part of the Civil Rule establishes the latest time at which such motion may be filed but does not purport to establish the earliest time.

R. C. 2321.17 formerly prescribed as part of the preamble to the causes for granting a new trial that a *"final order, judgment or decree shall be vacated* and a new trial granted," etc. (Emhasis added.) R. C. 2321.17 has been repealed and the preamble to Civil Rule 59 now merely provides that "a new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds * * * ." The granting of a new trial under the civil rules does not necessarily contemplate the vacation of a final order, judgment or decree in connection therewith.

The last paragraph of Civil Rule 59(A), which paragraph was derived from Federal Rule 59(a), prescribes that "on a motion for a new trial in an action tried without a jury, the court may open the judgment *if one has been entered, * * * ."* (Emphasis added.)

The conclusion is inevitable that procedure under the civil rules neither precludes the filing of a motion for a new trial after a jury verdict has been rendered and before judgment has been entered thereon nor does such procedure preclude an order sustaining a motion for new trial which does not also result in the vacation of a judgment.

In effect, the Civil Rules permit procedure similar to that which existed prior to 1945 (121 Ohio Laws 366) providing for the vacation of "a former verdict, report or decision" (see G. C. 11576) pursuant to an application for new trial made "at the term the verdict, report, or decision is rendered." (See G. C. 11578.)

In its last attack on the problem of whether an order sustaining a motion for new trial is an appealable order, *Price* v. *McCoy Sales & Service, Inc.*, 2 Ohio St. 2d 131, the Supreme Court held that it was because the General Assembly had declared that "an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial," but primarily because it is a final

order within the meaning of those words as used in former Section 6 of Article IV of the Constitution.

Since R. C. 2505.02 prescribes that "an order vacating or setting aside a *judgment* and ordering a new trial is a final order" (emphasis added), we would not be permitted to conclude that the General Assembly had likewise declared as to an order merely setting aside a *verdict* and granting a new trial. However, the meaning of a final order, as set forth in present Section 3(B)(2) of Article IV of the Ohio Constitution is identical to that meaning under the almost identical language of former Section 6 of Article IV.

Insofar as the same constitutes a final order is there any reasonable distinction between an order for new trial which sets aside a verdict and is made before judgment thereon and an order for new trial which sets aside a judgment? The only practical difference is that the former deprives the successful party of a judgment which, in the normal course of events, would have been entered pursuant to the verdict in his favor whereas the latter takes away from the successful party the judgment which was entered pursuant to the verdict in his favor. The legal effect is the same and we must conclude that the order for a new trial here was as much a final order as the order for a new trial under consideration in *Price* v. *Sales & Service, Inc., supra.*

Coming to this conclusion, the motion to dismiss the appeal should be overruled and the appeal retained for hearing on its merits.

*Motion to dismiss overruled.*

COLE and REILLY, JJ., concur.

REILLY, J., of the Tenth Appellate District, sitting by designation in the Third Appellate District.