R-H-L ADVERTISING COMPANY, APPELLEE, *v.* AMERICO
WHOLESALE PLUMBING SUPPLY COMPANY, APPELLANT.

(No. 40431—Decided June 26, 1980.)

*Mr. Harry W. Greenfield,* for appellee.
*Mr. John G. Pegg,* for appellant.

CORRIGAN, J.   This case was instituted by appellee, R-H-L
Advertising Company, against appellant, Americo Wholesale
Plumbing Supply Company, for damages arising out of ap-
pellant's alleged breach of a contract between the parties. On
November 28, 1978, following a trial to the court, appellee was
awarded judgment in the amount of $12,220.85.

On December 14, 1978, sixteen days after final judgment
was journalized, appellant filed a motion for a new trial. The
court overruled this motion on January 9, 1979. On February
5, 1979, appellant filed its notice of appeal.

App. R. 4 provides in relevant part:

"(A)  In a civil case the notice of appeal required by Rule 3
shall be filed with the clerk of the trial court within thirty days
of the date of the entry of the judgment or order appealed
from.***

"The running of the time for filing a notice of appeal is
suspended as to all parties by a *timely* motion filed in the trial
court by any party pursuant to the Civil Rules hereafter
enumerated in this sentence, and the full time for appeal fixed
by this subdivision commences to run and is to be computed
from the entry of the last of any of the following orders made
upon a *timely* motion under such rules granting or denying a
motion***; (2) for a new trial under Rule 59. A judgment or
order is entered within the meaning of this subdivision when it

is filed with the clerk of the trial court for journalization." (Emphasis added.)

Under Civ. R. 59(B), a motion for a new trial must be served within fourteen days after the entry of judgment. Thus, in the present case, appellant's motion for a new trial was untimely.

In *Browder* v. *Director, Dept. of Corrections of Illinois* (1978), 434 U. S. 257, the United States Supreme Court indicated that under the Federal Rules of Civil Procedure, a motion for a new trial, filed beyond the ten-day time limit of Fed. R. Civ. P. 59(b), does not suspend the time for filing a notice of appeal set forth in Fed. R. App. P. 4(a). Similarly, in *Macauda* v. *Murphy* (Cuyahoga Co. Ct. of Appeals No. 39753, November 23, 1979), unreported, this court held that under Civ. R. 59(B), an untimely motion for a new trial does not suspend the thirty-day time limit for filing a notice of appeal under App. R. 4(A). Accord, *Grealis* v. *Klotz* (Cuyahoga Co. Ct. of Appeals No. 36394, June 23, 1977), unreported. Hence, in the present case, because appellant's motion for a new trial was filed sixteen days after final judgment was journalized, the time for filing an appeal was not tolled. The thirty-day limitation, therefore, expired on December 28, 1978, and, consequently, appellant's February 5, 1979 notice of appeal was untimely.

The timely filing of a notice of appeal is jurisdictional, *Bosco* v. *Euclid* (1974), 38 Ohio App. 2d 40; and, because appellant's notice of appeal was untimely, we cannot consider its assignments of error. Accordingly, the appeal is dismissed.

*Appeal dismissed.*

KRENZLER, C. J., and STILLMAN, J., concur.