DONOFRIO et al., Appellees,

v.

AMERISURE INSURANCE COMPANY et al., Appellants.

[Cite as *Donofrio v. Amerisure Ins. Co.* (1990), 67 Ohio App.3d 272.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 56648.

Decided April 9, 1990.

*Don C. Iler Co., L.P.A., Don C. Iler;* and *Randall Perla,* for appellees.

*Arthur J. Tassi, Robert D. Martinez, Richard D. Sweebe* and *Daniel J. Jamieson,* for appellants.

PARRINO, Judge.

Plaintiffs Pasquale A. Donofrio et al. ("the insured") sought damages for breach of contract against the defendant, Amerisure Insurance Company ("the insurer"), alleging that the insurer wrongfully refused to pay their claims for property damage under their fire insurance policy. The jury returned a defense verdict after the requisite three fourths of the jurors signed the general verdict and special interrogatories. Upon motion by the insured, pursuant to Civ.R. 48, the court polled the jury. Six jurors acknowledged their assent in both the general verdict and special interrogatories. The insured requested that the court again poll the jury because it believed that one of the six jurors was not in agreement with the verdict. The court separated the jurors and polled each juror individually. Juror No. 8 then retracted her assent to the verdict. The trial court declared a mistrial upon the insured's motion and denied the insurer's motion to accept the general verdict and interrogatories. Later, the insurer filed a motion for judgment which the court overruled on October 7, 1988.

The insurer appealed from the court's October 7, 1988 order raising a single assignment of error.[1] The insured moved to dismiss the appeal alleging that a

---

**1.** Appellant's assignment of error is:

mistrial is not a final appealable order and, alternatively, that if such an order is a final order then this court is without jurisdiction because the insurer's appeal was not timely.[2] Upon review, we find that we are without jurisdiction and dismiss the appeal.

The appellate jurisdiction of this court is limited to consideration of " * * * judgments or final orders of the courts of record inferior to the Court of Appeals within the district * * *." R.C. 2501.02. A final order which may be reviewed by this court is "[a]n order that affects a substantial right in an action which in effect determines the action and prevents a judgment * * * or an order that vacates or sets aside a judgment or grants a new trial * * *." R.C. 2505.02.

Ordinarily declaration of a mistrial and continuing a case on the trial docket is not a final appealable order. *Kauffman v. Schauer* (1929), 121 Ohio St. 478, 169 N.E. 566; *Latimer v. Morris* (1971), 27 Ohio App.2d 66, 56 O.O.2d 247, 272 N.E.2d 494; *Newark Shopping Center v. Morris Skilken & Co.* (1964), 5 Ohio App.2d 241, 34 O.O.2d 377, 214 N.E.2d 674. A mistrial is usually declared by withdrawing a juror before a verdict is returned. A mistrial may also be ordered when a jury cannot reach a verdict. See, *e.g., State v. Tubbs* (Sept. 3, 1987), Cuyahoga App. No. 53497, unreported, 1987 WL 16527 (denial of a motion to acquit following a mistrial where the jury was unable to reach a verdict is not a final appealable order); *Curtis v. Sega* (Mar. 4, 1984), Medina App. No. 1296, unreported, 1984 WL 4785 (denial of motion for judgment following a hung jury is not a final order).

In this case, however, we are not presented with a factual situation where the jury was unable to reach a verdict. Here the jury had reached a verdict and, until the insured requested the second jury poll, all that was left for the court to do in response to their finding was to enter judgment on the verdict. Because Juror No. 8 retracted her assent the court discharged the jury and declared a mistrial. Thus, we must resolve whether a mistrial order filed after the jury returns a verdict but before entry of a judgment is a final or an interlocutory order.

In a case interpreting the "final order" language in R.C. 2953.02, where the trial court granted a new trial after the verdict but before entry of judgment, the Supreme Court stated that the fact that the judgment was not entered by the court did not make the order granting a new trial interlocutory in character. *State v. Huntsman* (1969), 18 Ohio St.2d 206, 47 O.O.2d 440, 249

---

"The trial court committed reversible error by refusing to enter judgment in favor of defendant in accordance with the jury's verdict."

2. Motion No. 86144.

N.E.2d 40. "An order granting a new trial, whether it results in vacating a judgment entry previously made or whether it dispenses with the necessity of making a judgment entry has the effect of ending the action insofar as the trial court is concerned." *Id.* at 211, 47 O.O.2d at 443, 249 N.E.2d at 43. The court stated that if an order granting a new trial was final only if the court chose to make a judgment entry before granting a new trial, then the decision as to whether that order was appealable would rest within the discretion of the trial court. *Id.* Such a rule would be illogical and confusing. *Id.*

Likewise, reviewing a motion for mistrial coupled with a request for a new trial in a civil matter, the Paulding County Court of Appeals held that an order setting aside a verdict and granting a new trial made before the entry of judgment on a verdict is a final appealable order. *Latimer v. Morris, supra.* In *Latimer* the court ruled that the legal effect of a new trial order is the same whether it is entered before or after judgment is entered. The only practical difference is that before judgment is entered, grant of a new trial deprives a prevailing party of a verdict which would have been entered in its favor in the normal course of events, while the grant of a new trial after judgment deprives a party of the judgment entered in accordance with its favorable verdict. *Id.,* 27 Ohio App.2d at 69, 56 O.O.2d at 248, 272 N.E.2d at 496.

In the instant case, the grant of the mistrial motion had the practical effect of granting the insured a new trial. Cf. *Latimer, supra.* See, also, *Tullos v. Motorists Mut. Ins. Co.* (June 18, 1974), Franklin App. No. 74AP–34, unreported. We hold that after a jury returns with a verdict and the trial court grants a mistrial motion, because a juror recants during the jury poll, such an order is a final order appealable to this court. If this were not the rule, then the action of the trial court pursuant to Civ.R. 48 would be reviewable only at the discretion of the trial court. Cf. *State v. Huntsman, supra.* Such a rule would be an anomaly. See *id.*

■ In an entry filed June 22, 1988, the trial court denied the insurer's motion to accept the general verdict and interrogatories. In that entry the court also journalized an order granting the insured's motion for a mistrial.[3] On July 18, 1988 the insurer filed its motion for entry of judgment and appealed from the October 7, 1988 denial of that motion.

---

**3.** The court orally granted the mistrial motion on June 10, 1988. It apparently made a clerical error in its June 22, 1988 entry because, though that entry denies the mistrial motion, it states that "the jury has been unable to reach a verdict based on the agreement of six jurors." In addition, the court set a date for a new trial in the entry of October 7, 1988.

Though neither party refers to the insurer's motion as being filed in accordance with Civ.R. 50(B) we will not elevate form over substance. The insurer's motion establishes its essence to be a request for entry of judgment in accordance with Civ.R. 50(B). Cf. *North Royalton Edn. Assn. v. Bd. of Edn.* (1975), 41 Ohio App.2d 209, 325 N.E.2d 901; *Seagate Mfg. Co. v. Keeton* (Aug. 25, 1989), Wood App. No. WD–88–70, unreported, 1989 WL 98547.

Pursuant to Civ.R. 50(B), a motion for entry of judgment must be made not later than fourteen days after entry of judgment or within fourteen days after the jury has been discharged if a verdict was not returned. As we noted earlier, the court denied the insurer's motion to accept the general verdict on June 22 and we note that the jury was discharged on June 10. To be a timely motion for judgment the insurer had until July 6 to make its motion. Thus, the July 18 motion for judgment was not timely.

App.R. 4(A) provides in relevant part:

"In a civil case the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within thirty days of the date of the entry of the judgment or order appealed from. * * *

"The running of the time for filing a notice of appeal is suspended as to all parties by a timely motion filed in the trial court by any party pursuant to the Civil Rules hereafter enumerated in this sentence, and the full time for appeal fixed by this subdivision commences to run and is to be computed from the entry of the last of any of the following orders made upon a timely motion under such rules granting or denying a motion (1) for judgment under Rule 50(B); (2) for a new trial under Rule 59 * * *."

■ An untimely motion for judgment does not suspend the thirty-day time limit for filing a notice of appeal under App.R. 4(A). See *R–H–L Advertising Co. v. Americo Wholesale Plumbing Supply Co.* (1980), 69 Ohio App.2d 61, 23 O.O.3d 67, 430 N.E.2d 472.

The insurer filed its motion for judgment twenty-six days after the court's judgment was journalized; hence, the time for filing an appeal was not tolled by this motion. The thirty-day time limit, therefore, expired on July 22, 1988. Thus, the insurer's November 2, 1988 notice of appeal was not timely.

■ The App.R. 4(A) time requirement is jurisdictional. *Moldovan v. Cuyahoga Cty. Welfare Dept.* (1986), 25 Ohio St.3d 293, 25 OBR 343, 496 N.E.2d 466; *R–H–L Advertising Co., supra; Bosco v. Euclid* (1974), 38 Ohio App.2d 40, 67 O.O.2d 209, 311 N.E.2d 870. Because the insurer's notice was

untimely, we cannot consider its assigned error. Accordingly, the appeal is dismissed.

*Appeal dismissed.*

NAHRA and PRYATEL, JJ., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, and AUGUST PRYATEL, J., retired, of the Eighth Appellate District, sitting by assignment.