DECISION
Defendant-appellant, Larry E. Brown, has appealed the July 27, 1999 judgment entry of the Franklin County Court of Common Pleas finding him liable for the death of his former wife, Joyce Brown, and awarding $850,000 in damages to plaintiff-appellee, Barry M. Snow, Administrator of the Estate of Joyce Brown. Appellant has also appealed the trial court's disposition of several post-trial motions. On July 21, 2000, appellee moved to dismiss this appeal for lack of a timely filed notice of appeal. For the following reasons, we find appellee's motion to be well-taken in part and not well-taken in part, and otherwise affirm the judgment entry.
Appellee commenced this action against appellant on April 16, 1998, raising claims for wrongful death and survivorship. The complaint alleged that appellant had intentionally killed his wife, appellee's decedent, by means of physical assault and incineration in Hocking County, Ohio, on June 21, 1996. A jury trial commenced on July 7, 1999 and, on July 19, 1999, the jury returned verdicts in favor of appellee. The trial court subsequently entered judgment on July 27, 1999.
On August 9, 1999, on motion of appellant, the trial court granted appellant leave to file a Civ.R. 50 motion for judgment notwithstanding the verdict (j.n.o.v.) and a Civ.R. 59 motion for new trial on or before August 27, 1999. On August 25, 1999, again on motion of appellant, the trial court granted appellant a further extension to file his j.n.o.v. and new trial motions on or before September 3, 1999.
On September 3, 1999, appellant filed his j.n.o.v. motion and his new trial motion. By decision and entry filed October 6, 1999, the trial court denied these motions. On October 14, 1999, appellant filed a motion entitled "Motion for Judgment on the Pleadings In Accordance with Civil Rule 12(C); or, In the Alternative, Judgment on the Pleadings In Accordance with Civil Rule 60(B)(1) or 60(B)(5)." In this motion, appellant sought judgment on the grounds that appellee had failed to bring the action within the applicable statute of limitations period. On October 26, 1999, the trial court denied this motion.
On November 1, 1999, appellant filed a notice of appeal from the July 27, 1999 judgment entry, the October 6, 1999 decision and entry overruling appellant's motions for j.n.o.v. and/or new trial, and the October 26, 1999 decision and entry overruling appellant's Civ.R. 12(C) and/or 60(B) motion. Appellant raises the following twelve assignments of error:
 I. The Trial Court erred when it did not direct a verdict on behalf of the Defendant at the conclusion of the Plaintiff's case by striking Dr. Fardal's testimony from the record, or by overruling Defendant's Motion for Judgment Notwithstanding the Verdict since Dr. Fardal's testimony violated Evidence Rule 702(C) and the Plaintiff's failure to sustain its burden of proof.
 II. The Trial Court erred when it permitted the Franklin County Coroner, Dr. Fardal, to testify by videotaped deposition rather than live.
 III. The Trial Court erred when it failed to provide a general verdict to the Jury in violation of Civil Rule 49(C).
 IV. The Trial Court erred when it did not grant the Defendant a new trial when the Jury failed to find in favor of the Plaintiff by the required three-fourths majority.
 V. The Trial Court erred when it permitted the use of the Defendant's criminal background in violation of Evidence Rule 602.
 VI. The Trial Court erred when it failed to require the burden of proof to be by clear and convincing evidence.
 VII. The Trial Court erred when it failed to grant the Defendant's Motion for New Trial for the Plaintiff's improper use of Grand Jury testimony.
 VIII. The Trial Court erred when it failed to grant the Defendant's Motion for New Trial on the basis of improper Jury conduct.
 IX. The Trial Court erred when it failed to grant the Defendant's Motion for New Trial because the judgment was against the manifest weight of the evidence.
 X. The Trial Court erred when it did not block the testimony of all the Plaintiff's witnesses in accordance with Local Rules.
 XI. The Trial Court erred when it blocked post-trial discovery by the Defendant in support of its Motion for a New Trial.
 XII. The Trial Court erred when it overruled Defendant Brown's Rule 12(C) and/or 60(B) Motion for Judgment on the Pleadings based upon the expiration of the statute of limitations.
As an initial matter, this court must address appellee's motion to dismiss appellant's appeal as untimely.
The timely filing of a notice of appeal is jurisdictional and, as such, a party's failure to file a timely notice of appeal precludes this court from entertaining the appeal. Moldovan v. Cuyahoga Cty.Welfare Dept. (1986), 25 Ohio St.3d 293, 294-295. In general, a party must file a notice of appeal within thirty days from the judgment or order appealed. App.R. 4(A). However, under App.R. 4(B)(2), the running of the thirty-day appeal period is tolled if the appellant timely files certain post-trial motions, including a motion for j.n.o.v. or a motion for new trial. In particular, App.R. 4(B)(2) provides:
 * * * In a civil case or juvenile proceeding, if a party files a timely motion for judgment under Civ.R. 50(B), a new trial under Civ.R. 59(B), vacating or modifying a judgment by an objection to a magistrate's decision under Civ.R. 53(E)(4)(c) or Rule 40(E)(4)(c) of the Ohio Rules of Juvenile Procedure, or findings of fact and conclusions of law under Civ.R. 52, the time for filing a notice of appeal begins to run as to all parties when the order disposing of the motion is entered. [Emphasis added.]
Here, appellant filed his notice of appeal on November 1, 1999, more than thirty days after the July 27, 1999 judgment entry, but within thirty days of the trial court's disposition of appellant's motions for j.n.o.v. and new trial. Accordingly, appellant submits that his appeal of the July 27, 1999 judgment entry was, therefore, timely under App.R. 4(B)(2). We disagree.
Under the clear language of App.R. 4(B)(2), the thirty-day appeal period is tolled only when a timely motion for j.n.o.v. or new trial has been made. An untimely j.n.o.v. or new trial motion does not suspend the thirty-day time limit for filing a notice of appeal. Donofrio v. Amerisure Ins. Co. (1990),67 Ohio App.3d 272, 276. Under Civ.R. 50(B), a motion for j.n.o.v. must be made within fourteen days after entry of judgment. Likewise, under Civ.R. 59(B), a motion for new trial must be served no later than fourteen days after entry of judgment. Here, appellant moved for j.n.o.v. and served his motion for new trial on September 3, 1999, more than fourteen days after the July 27, 1999 judgment entry. Accordingly, neither motion was timely made under the civil rules and, as such, neither motion tolled the running of the thirty-day appeal period. See Donofrio, supra
(appeal filed more than thirty-days after judgment dismissed as untimely because appellant's j.n.o.v. motion filed more than fourteen days after judgment did not toll running of appeal period); R-H-L Advertising Co. v. Americo Wholesale PlumbingSupply Co. (1980), 69 Ohio App.2d 61, 62 (appeal filed more than thirty days after judgment was dismissed as untimely because appellant's new trial motion served sixteen days after judgment did not toll appeal period); accord Turner v. Cozzens (Mar. 27, 1997), Cuyahoga App. No. 70867, unreported; Calim v. PrecisionSwage, Inc. (Nov. 25, 1996), Shelby App. No. 17-96-11, unreported.
While appellant correctly notes that the trial court granted him two extensions to file his j.n.o.v. and new trial motions, the trial court was without authority to do so. Civ.R. 6(B), which governs when a trial court may extend time limits contained in the civil rules, generally provides that a trial court may extend time limits: (1) for good cause shown if request therefor is made before the expiration of the time period; or (2) for excusable neglect if request is made after the expiration of the time period. However, Civ.R. 6(B) specifically states that a trial court "may not extend the time for taking any action underRule 50(B) [governing motions for j.n.o.v.], Rule 59(B)
[governing motions for new trial], Rule 59(D) and Rule 60(B), except to the extent and under the conditions stated in them." (Emphasis added.) Neither Civ.R. 50(B) nor 59(B) contains a provision for extending the time to file a j.n.o.v. motion or new trial motion beyond the fourteen-day period provided therein. As such, Civ.R. 6(B), 50(B), and 59(B), taken together, absolutely prohibit the trial court from extending the time within which to file a motion for j.n.o.v. or motion for new trial, and a trial court is prohibited from considering or entertaining any such motion. Town Country Drive-In Shopping Centers Inc. v. Abraham
(1975), 46 Ohio App.2d 262, 267; Turner, supra; see, also, Calim,supra (noting that no extension was or could have been given authorizing appellant to file a motion for new trial after fourteen days); see, generally, Fink, Greenbaum, Wilson, Guide to the Ohio Rules of Civil Procedure (2 Ed. 1999) Sections 50-7 
59-21; 2 Klein Darling, Civil Practice (1997), AT 50-60 AT 59-41.
Thus, despite the trial court's extensions granted to appellant in this case, the trial court was without authority to entertain the merits of appellant's j.n.o.v. and new trial motions. See Horner v. Toledo Hosp. (1993), 94 Ohio App.3d 282
(trial court erred in considering merits of new trial motion filed more than fourteen days after judgment despite granting extension to so file). Moreover, the trial court's unauthorized extensions allowing appellant to file his j.n.o.v. and new trial motions more than fourteen days after judgment do not render those motions timely under App.R. 4. In the Matter of Single Ditch ImprovementNo 2339 v. Wood Cty. Bd. of Commrs. Consolidated Rail Corp.
(Nov. 25, 1983), Wood App. No. WD-83-20, unreported (despite trial court's extension to file later than fourteen days after judgment, appellant's motion for new trial was not timely under App.R. 4 and, as such, appellant's appeal filed more than thirty days after judgment but within thirty-days of trial court's disposition of new trial motion was untimely; appeal dismissed sua sponte).
Appellant contends that cases should be decided on their merits and not on procedural technicalities. None of the cases cited by appellant, however, suggest that this court can ignore jurisdictional defects in an appeal, the provisions of App.R. 4, or Civ.R. 6. For example, appellant relies on Morgan v. Morgan
(1998), 127 Ohio App.3d 142, in which the Seventh District Court of Appeals held that it had authority to consider an appeal from an untimely filed new trial motion where the trial court had granted leave to file the motion, had essentially granted the motion by holding an adversarial rehearing on the merits of the cause of action, and had subsequently re-adopted its original judgment entry. While language in the opinion suggests that a trial court has discretion to grant leave to file an untimely motion for new trial, the court cites no authority for this statement and did not address the provisions of Civ.R. 6(B).
Likewise, the other two cases relied upon by appellant,Barksdale v. Van's Auto Sales, Inc. (1988), 38 Ohio St.3d 127, and Maritime Manufacturers, Inc. v. Hi-Skipper Marina (1982),70 Ohio St.2d 257, stand for the proposition that an appellant who appeals from a denial of a motion for new trial (but mistakenly fails to mention the underlying judgment in the notice of appeal) may still assign error as to the underlying judgment entry. Again, neither case addressed the application of Civ.R. 6(B), its prohibition against extending the time periods to file j.n.o.v. and new trial motions, or the effect of an untimely filed motion for new trial on the tolling provisions of App.R. 4(B).
Finally, we also reject appellant's contention that appellee agreed to the extensions. The excerpt of the transcript highlighted by appellant does not reveal that appellee agreed to the extensions and actually suggests that appellee opposed the request. Similarly, there is no mention of an agreement of the parties to an extension in the two orders by which the trial court granted the extensions. Both entries simply state that an extension is being granted on appellant's motion and for good cause shown.
For the foregoing reasons, we find that the trial court had no authority to consider appellant's untimely filed motion for j.n.o.v. and appellant's untimely filed motion for new trial. We further find that those motions did not toll the running of the thirty-day appeal period under App.R. 4(B) and, as such, appellant failed to timely appeal the July 27, 1999 judgment entry. Accordingly, this court has no jurisdiction to entertain appellant's assignments of error one through eleven, as those assignments of error challenge the propriety of the trial court's July 27, 1999 judgment entry, and the trial court's disposition of appellant's j.n.o.v. and new trial motions. Appellee's motion to dismiss is granted as to these assignments of error.
Appellant's twelfth assignment of error is, however, properly before this court as it challenges the trial court's disposition of appellant's October 14, 1999 Civ.R. 12(C) and/or 60(B) motion. As such, appellee's motion to dismiss is denied as to this single assignment of error. In appellant's twelfth assignment of error, appellant contends that the trial court erred in overruling appellant's post-trial Civ.R. 12(C) motion for judgment on the pleadings or, in the alternative, Civ.R. 60(B) motion for relief from judgment. According to appellant, the trial court should have entered judgment for appellant because appellant failed to bring the action within the one-year statute of limitations period governing actions for assault or battery found in R.C. 2305.111. We find no error by the trial court.
First, Civ.R. 12(C) provides that a party may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." A motion for judgment on the pleadings pursuant to Civ.R. 12(C) made after the commencement of trial is not timely and is properly overruled by a trial court. National City Bank v. Fleming (1981), 2 Ohio App.3d 50
. Here, appellant's motion for judgment on the pleadings, filed after the trial had concluded, was clearly prohibited by the civil rules, and the trial court correctly overruled it.
Second, while alleging the affirmative defense of statute of limitations in his answer, appellant failed to raise the defense in any motion or argument to the court prior to trial or during trial. In so doing, appellant waived the defense of statute of limitations in this case.
Finally, to the extent appellant's motion was brought under Civ.R. 60(B), appellant failed to satisfy the requirements for relief from judgment. See, generally, GTE Automatic Electricv. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Appellant failed to allege any operative facts that he was entitled to relief based upon one of the grounds stated in Civ.R. 60(B) and failed to allege any operative facts that he had a meritorious defense if relief were granted. Appellee's claims for wrongful death and survivorship were clearly brought within the two-year statute of limitations period governing such claims. See R.C. 2125.02(D); and 2305.10. Appellant's twelfth assignment of error is not well-taken.
For the foregoing reasons, assignments of error one through eleven are dismissed and appellant's twelfth assignment of error is overruled.