OPINION
This is an appeal of the judgment of the Court of Common Pleas, Juvenile Division, terminating the parental rights of appellant, Ruth Salsgiver, and James Geisert ("Geisert"), and granting permanent custody of Shilar Salsgiver ("Shilar") to appellee, Geauga County Job and Family Services.
On December 13, 2000, appellee filed a complaint alleging that Shilar, then five months old, was a dependent and neglected child. At the same time, appellee filed a motion requesting an emergency, ex parte order of temporary custody because appellant had been hospitalized for an overdose and the identity of Shilar's father was unknown. The court granted appellee's ex parte motion.
On February 15, 2001, the trial court heard appellee's complaint. At the hearing, appellee amended the complaint to remove the neglect charge and appellant pleaded true to the charge that Shilar was a dependent child. The court also recognized Geisert as Shilar's father, who, although he entered a plea of "not true", did not object to the court finding the allegation true, based upon the plea of appellant.
Following the hearing, the court adopted the case plan presented by appellee, with the exception of a provision requiring Geisert to attend anger management counseling, which the court deleted. The case plan required appellant to: attend anger management classes and follow the counselor's recommendations; complete a drug and alcohol assessment and follow the recommendations of the assessment; cooperate with drug and alcohol testing; complete a mental health assessment and follow the recommendations of the mental health counselor; and, work with an income maintenance worker and to follow the recommendations of the income maintenance worker. The case plan also required that Geisert obtain a mental health evaluation. The plan stated that both parents would be provided at least two hours per week of supervised visitation with Shilar.
Appellant complied with the case plan, until July 2001, when she stopped meeting with her counselor, who recommended individual counseling sessions to work on anger and abuse issues and to work on gaining greater independence. In August and September 2001, appellant's attendance at visitations with Shilar grew inconsistent. Finally, in November 2001, appellant stopped attempting to comply with the case plan, indicating that she intended to do nothing further.
On November 19, 2001, appellee filed a motion for permanent custody of Shilar. Appellant and Geisert appeared at the hearing, on January 16 and 23, 2002, and presented evidence. Following the hearing, the trial court awarded permanent custody of Shilar to appellee and terminated the parental rights of appellant and Geisert.
 Appellant filed a timely appeal raising the following assignments of error:
 "[1.] The trial court erred in determining that granting permanent custody to the county was in the best interest of the child.
 "[2.] The juvenile court erred in finding that the child could not be placed with Ms. Salsgiver within a reasonable time and should not be placed with her, when that finding was against the manifest weight of the evidence.
 "[3.] The juvenile court erred by accepting Ms. Salsgiver's plea of `true' without complying with Juvenile Rule 29(D)."
In her first assignment of error, appellant presents two issues for review. In her first issue, appellant argues that the trial court, in its judgment entry granting permanent custody to appellee, failed to discuss all of the factors listed in R.C. 2151.414(D).
Under R.C. 2151.414(B)(1), before a court can grant permanent custody of a child to an agency, the court must find, by clear and convincing evidence, that (1) it is in the best interest of the child to grant permanent custody of the child to the agency, and (2) any of the following situations exists:
 "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
"(b) The child is abandoned.
 "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999." R.C. 2151.414(B)(1)."
Appellant's first assignment of error deals with the court's determination of Shilar's best interest. R.C. 2151.414(D) provides, in relevant part:
 "In determining the best interest of a child * * * the court shall consider all relevant factors, including, but not limited to, the following:
 "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
This court has held that the juvenile court must consider all the R.C.2151.414(D) factors when making a determination of the best interest of a child in a permanent custody hearing. In re Bailey (July 20, 2001), 11th Dist. No. 2001-G-2340, 2001 Ohio App. LEXIS 3293, at *13. "Failure to discuss each of these factors when determining the best interest of the child is prejudicial error. Thus, the record must show that the juvenile court considered all of the factors enumerated in R.C. 2151.414(D) when reaching its judgment, however, no one factor is dispositive." (Internal citations omitted.) Id., at *14-15.
The trial court's judgment entry states that the court considered all the factors set forth in R.C. 2151.414(D). A review of the record, however, reveals that the court did not adequately discuss the interaction and interrelationship of Shilar with appellant. The court discussed, albeit briefly, Shilar's relationship with her foster parents, and with Geisert, but did not discuss her relationship with appellant, her mother. Certainly in a case involving the termination of a mother's parental rights, a consideration of the child's relationship with her mother is not only relevant, but also indispensable. Failing to discuss this relationship was prejudicial error. See In re Ethington
(July 23, 1999), 11th Dist. No. 98-T-0084, 1999 Ohio App. LEXIS 3419.
Furthermore, the court, by way of discussing the second factor, the wishes of the child, stated that "[t]he child is not old enough to express a preference regarding her living arrangement." While it is true that Shilar was too young at the time of the hearing to express her wishes, the statute provides that the child's wishes may be expressed through a guardian ad litem. Shilar's guardian ad litem did express his estimation that it would be in Shilar's best interest for appellant's parental rights to be terminated and questioned Geisert's ability to serve as the custodial parent. Failure to discuss Shilar's wishes, expressed through her guardian ad litem, was also prejudicial error. The court's failure to discuss these factors fully renders the court's judgment facially defective and warrants its reversal.
In the second issue in her first assignment of error, appellant argues that the trial court's determination that termination of her parental rights was in Shilar's best interest was against the manifest weight of the evidence. Because we are reversing the trial court's judgment and remanding it for further proceedings, this issue is moot. Appellant's first assignment of error has merit.
In appellant's second assignment of error, she argues that the trial court's finding that Shilar could not be placed with her, within a reasonable period of time, was against the manifest weight of the evidence.
In order for the trial court to grant permanent custody to an agency, it must determine that it is in the best interest of the child to grant permanent custody to the agency and that the child cannot be placed with the parents, within a reasonable period of time, or should not be placed with the parents. R.C. 2151.414(B)(1)(a).
When determining whether the child can be placed with the parents within a reasonable period of time, the court must consider all relevant evidence. R.C. 2151.414(E). If the court finds, by clear and convincing evidence, that one of the conditions in R.C. 2151.414(E)(1)-(16) exists, it must enter a finding that the child cannot be placed with the parent within a reasonable time. The trial court found that the following two conditions existed:
 "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. * * *
* * *
 "(4)The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;"
An appellate court will not reverse a trial court's termination of parental rights unless the judgment was not supported by clear and convincing evidence. In re Shchigelski (October 20, 2000), 11th Dist. No. 99-G-2241, 2000 Ohio App. LEXIS 4900, at *12. Clear and convincing evidence is evidence "sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Id., at *11; citing In re Adoption of Holcomb (1985),18 Ohio St.3d 361, 368.
"`The issue is not whether the parent has substantially complied with the case plan, but whether the parent has substantially remedied theconditions that caused the child's removal.'" In re Shchigelski, supra, at *13; quoting In re McKenzie (Oct. 18, 1995), 9th Dist. No. 95 CA 0015, 1995 Ohio App. Lexis 4618. (Emphasis sic).
Appellant argues that, as evidenced by the complaint for temporary custody, the reason that temporary custody of Shilar was granted to appellee was because she is an alcoholic. She claims that she substantially remedied this condition by completing intensive outpatient treatment and aftercare.
Appellant's arguments are factually incorrect. As shown by the complaint, appellant's alcoholism was one of the conditions that caused the removal. The complaint also alleged that appellant was hospitalized for a drug overdose and that Shilar was left with a neighbor.
Ginny Sidlo ("Sidlo"), appellant's counselor, testified that, although she recommended that appellant continue individual counseling to work on anger and independence issues and begin to deal with prior abuse issues, appellant never returned for counseling following her aftercare program.
Tia Phillips ("Phillips"), the social worker assigned to appellant's case, testified that appellant was required to attend Alcoholics' Anonymous ("AA") meetings and submit the verification slips to her counselor. Appellant, however, had not submitted an AA verification slip from August 2001 to the date of the hearing in January 2002.
Phillips also testified that appellant was required to carry a pager and submit to random breathalyzer tests, when she was paged, to verify her sobriety. The contract on appellant's first pager expired, but testimony was presented that appellant was provided with another pager, yet failed to respond to six pages. Appellant argues that the second pager did not work, but she did not report this fact to appellee.
Phillips also testified that, in November 2001, appellant told her that she would do nothing else to attempt to comply with her case plan. Phillips testified that appellant missed office and home visits that she had scheduled.
All of this testimony is sufficient to sustain the court's judgment that appellant continuously and repeatedly failed to remedy the conditions which caused Shilar to be placed outside the home.
Furthermore, the court found that appellant demonstrated a lack of commitment to Shilar by failing to pay child support, dropping out of individual counseling, failing to submit to random drug and alcohol testing, and abandoning her efforts to work toward reunification.
Appellant argues that she worked at a minimum wage job and did not have sufficient money to pay child support. Thus, appellant argues, she did not demonstrate a lack of commitment to Shilar.
On June 20, 2001, pursuant to an agreement between appellant and the Child Support Enforcement Division ("CSED"), the court ordered appellant to pay $194.67 per month in child support. On November 19, 2001, CSED moved the court to compel appellant to show cause why she should not be held in contempt for not complying with said order. At that time, appellant was $951.34 in arrears. On December 19, 2001, the trial court found appellant in contempt of the court's order to pay child support. Appellant made a single child support payment of $67.00 on December 19, 2001, the same day as the hearing to show cause. Appellant never made another child support payment.
As a part of the court's contempt order, appellant was ordered to seek employment by contacting thirty employers per month and reporting the contacts to CSED. Appellant was also ordered to enroll in the Lake County JOBS program to assist her in finding a job which would enable her to meet her child support obligations, and to report her enrollment to CSED. Roxanne Griffin, a CSED case manager, testified that appellant never reported that she had contacted any prospective employers or that she had enrolled in the Lake County Jobs Program.
Shilar's foster mother testified that, at first, appellant regularly attended weekly visitation. Beginning in June 2001, appellant began arriving late for visits and canceling visits, on short notice. Beginning in August or September 2001, appellant began failing to attend some visits without notifying the agency.
As discussed above, Sidlo testified that appellant stopped individual counseling against her recommendation, and Phillips testified that appellant stopped working toward reunification sometime in November 2001.
 This evidence is also sufficient to support the court's finding that appellant demonstrated a lack of commitment to the child.
Because the trial court properly found that two of the conditions enumerated in R.C. 2151.414(E) existed, it was required to find that Shilar could not be placed with appellant within a reasonable period of time. Appellant's second assignment of error is without merit.
In appellant's third assignment of error, she argues that the court erred by accepting her plea of true in the dependency hearing, on February 15, 2001, without satisfying the requirements of Juv.R. 29(D).
The trial court's judgment entry finding that Shilar was a dependant child, upon appellant's plea of true, was filed, on February 26, 2001. The trial court's order of disposition was filed, on March 23, 2001.
Pursuant to App.R. 4(A), appellant's appeal of her true plea should have been filed within thirty days of the court's filing of its March 23, 2001 dispositional order, i.e., on or before April 23, 2001. The instant appeal was not filed, until February 22, 2002, nearly ten months beyond the App.R. 4(A) deadline.
The time requirement in App.R. 4(A) is jurisdictional. Donofrio v.Amerisure Ins. Co. (1990), 67 Ohio App.3d 272, 276-277; citing Moldovanv. Cuyahoga Cty. Welfare Dept. (1986), 25 Ohio St.3d 293. Because appellant failed to file an appeal from the trial court's judgment that Shilar was a dependent child before the App.R. 4(A) deadline, this court does not have jurisdiction to review appellant's third assignment of error. See Armstead v. Armstead (May 1, 1998), 11th Dist. No. 97-G-2056, 1998 WL 257045, at *4.
For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas, Juvenile Division, is reversed and remanded for further proceedings consistent with this opinion.
DONALD R. FORD, J., DIANE V. GRENDELL, J., concur.