DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
 {¶ 1} Appellant, Michael Thomas Miller, appeals the judgment of the Wayne County Probate Court. For the reasons set forth herein, we dismiss the appeal for lack of jurisdiction.
 I. {¶ 2} This case arises out of the application of Heather Thompson, Appellee, for guardianship of the person and estate of Michael Thomas Miller, Appellant. Appellant is a mentally handicapped individual who receives services from the Wayne County Board of Mental Retardation and Developmental Disabilities ("WCB") and resides in a group home operated by High Hopes Homes *Page 2 
("HHH"). Appellant has received these services for most of his adult life. Wayne County Board Service and Support Administrator ("SSA"), Lori Baker, is responsible for administering Appellant's services through an individualized services plan ("ISP").
 {¶ 3} In January of 2006, HHH notified WCB that Appellant would no longer attend WCB's daily programs and would instead attend HHH's programs. Shortly thereafter, WCB decided to pursue guardianship of Appellant.
 {¶ 4} Appellant contends that on January 24, 2006, Carol McDaid, SSA supervisor for WCB, asked HHH to transport Appellant for an evaluation on January 30, 2006 to update his medical records. Appellant alleges that Cindy Satterfield, an HHH administrator, specifically asked Ms. McDaid whether Appellant was being evaluated for guardianship purposes and whether it was necessary to obtain an independent evaluation to challenge guardianship. According to Appellant, Ms. McDaid told Ms. Satterfield that the purpose of the evaluation was not for guardianship purposes but rather to update Appellant's medical records. Dr. Richard Duval conducted the psychological evaluation of Appellant on January 30, 2006. Andrea Steinman, HHH administrator of residential programs, was present during the entire evaluation. Dr. Duval determined that Appellant was autistic and functioned in the moderate range of mental retardation. He concluded that the application for guardianship should be granted. *Page 3 
 {¶ 5} Appellant asserts that the SSA provided Appellee with copies of the evaluation. Appellant contends that (1) he was not told that the evaluation was for guardianship purposes and (2) no one obtained his consent to release this information.
 {¶ 6} In approximately February of 2006, WCB contacted Appellee to make a referral of a potential guardianship for Appellant. Appellee contends that, based on conversations with (1) Appellant's parents, who consented to the guardianship, and (2) the SSA, she filed the application for guardianship on May 25, 2006. The application was accompanied by a statement of expert evaluation by Dr. Duval and waiver notices signed by both of Appellant's parents as his next of kin.
 {¶ 7} After the application was filed, the probate court appointed a court investigator to serve notice of the guardianship application and hearing. The investigator was also charged with reporting her findings to the probate court. The investigator submitted a report to the court, stating that she had personally served Appellant with a written copy of the notice and had communicated with him in a language or method understandable to him. In her report, the investigator stated that Appellant did not make a request for appointment of counsel or for an independent expert evaluation. The investigator stated that Appellant "is responsive only in the sense that he repeats everything said to him" and that his *Page 4 
understanding of the concept of guardianship is questionable. The investigator recommended that the court grant guardianship.
 {¶ 8} The parties do not dispute that on June 26, 2006, Appellee spoke with Ohio Legal Rights Service ("OLRS")[1] and that OLRS was advised that Appellee had filed an application for guardianship of Appellant. The parties do not dispute that Appellee did not inform OLRS that a hearing on the guardianship application was scheduled for June 28, 2006. Further, the parties do not dispute that during this conversation OLRS informed Appellee that it was negotiating with WCB on Appellant's behalf regarding his choice of day habilitation services and alternatives to guardianship.
 {¶ 9} On June 28, 2006, the court held a hearing on the guardianship application. Appellee attended the hearing but neither Appellant nor OLRS was present. The hearing was not recorded or transcribed. On that same day, the probate court issued a judgment entry finding that Appellant was incompetent as a result of "severe mental retardation and autism[.]" The court found that Appellant was incapable of taking proper care of himself and his property. Accordingly, the court found that a guardianship was necessary and appointed Appellee as Appellant's guardian. *Page 5 
 {¶ 10} On July 10, 2006, Appellee notified OLRS via letter that she had been appointed guardian for Appellant on June 28, 2006. Appellant contends that neither he nor OLRS was aware that a hearing had been set because Appellant did not receive written notice of the hearing and his rights. On July 13, 2006, OLRS filed a notice of appearance for Appellant along with a motion for new trial and for stay of the guardianship. Appellee filed a memorandum in opposition on July 27, 2006. Appellant filed a reply on August 8, 2006. On August 11, 2006, the probate court overruled Appellant's motion for new trial and for stay of the guardianship. Appellant filed a notice of appeal on September 8, 2006, raising five assignments of error for our review.[2]
 {¶ 11} At the outset, we find that Appellant's motion for new trial was untimely filed. "The timely filing of a notice of appeal is jurisdictional and, as such, a party's failure to file a timely notice of appeal precludes this court from entertaining the appeal." Snow v.Brown (Sept. 26, 2000), 10th Dist. No. 99AP-1234, at *2. App.R. 4(A) provides that the notice of appeal in a civil case shall be filed within 30 days of the latter of the date of the entry of judgment or order appealed. That same rule further provides that the running of time for the filing of *Page 6 
the notice of appeal shall be suspended by a timely motion, filed in the trial court, for a new trial under Civ.R. 59. Appellant filed his notice of appeal on September 8, 2006, more than thirty days after the June 28, 2006 judgment entry appointing Appellee as Appellant's guardian, but within thirty days of the trial court's disposition of his motion for new trial and for stay of judgment. Under App.R. 4(B)(2), the thirty day appeal period is tolled only when a timely motion for new trial has been filed. An untimely new trial motion does not suspend the thirty day time limit for filing a notice of appeal. Donofrio v. Amerisure Ins. Co.
(1990), 67 Ohio App.3d 272, 276. Under Civ.R. 59(B), Appellant was required to file his motion for new trial within fourteen days after entry of judgment. Here, Appellant filed a motion for new trial on July 13, 2006, more than fourteen days after entry of judgment. Accordingly, neither motion was timely filed under the civil rules.
 {¶ 12} For the foregoing reasons, we find that the trial court had no authority to consider Appellant's motion for new trial. We further find that those motions did not toll the running of the thirty day appeal period under App.R. 4(B). As such, Appellant failed to timely appeal the probate court's June 28, 2006 judgment entry. Accordingly, this Court has no jurisdiction to hear this case and we dismiss the appeal. SeeBeacon Journal Publishing Co. v. Simon (June 9, 1982), 9th Dist. No. 10536. The dismissal of this appeal in no way prohibits Appellant from seeking further relief as provided in Civ.R. 60. *Page 7 
 II. ASSIGNMENT OF ERROR I "THE PROBATE COURT ERRED BY NOT APPOINTING COUNSEL FOR [APPELLANT] WHERE THE EVIDENCE SHOWS THAT THE COURT INVESTIGATOR DETERMINED THAT [APPELLANT] DID NOT UNDERSTAND HIS RIGHT TO REQUEST COUNSEL PURSUANT TO R.C. 2111.02(c)(7)[.] "
 ASSIGNMENT OF ERROR II "THE PROBATE COURT ERRED IN FAILING TO DISMISS THE GUARDIANSHIP OR ORDER A NEW TRIAL WHERE APPELLANT WAS NOT PROVIDED THE OPPORTUNITY TO ATTEND THE HEARING OR PROVIDED WITH THE OPPORTUNITY TO HAVE HIS STATUTORILY DESIGNATED ADVOCATES AND CHOSEN COUNSEL ATTEND THE HEARING IN VIOLATION OF R.C. 2111.04(A)(2)(a)(i)."
 ASSIGNMENT OF ERROR III "THE PROBATE COURT ERRED BY FAILING TO DISMISS THE GUARDIANSHIP, ORDER A NEW TRIAL OR ORDER A HEARING ON [APPELLANT'S] MOTION FOR NEW TRIAL WHEN THE COURT COULD NOT, BASED UPON THE EVIDENCE BEFORE IT, DETERMINE WHETHER [APPELLANT] WAS PROPERLY SERVED NOTICE OF THE HEARING AND WHETHER HIS RIGHTS PURSUANT TO R.C. 2111.02(c)(7) AND R.C. 2111.04 WERE PROVIDED WHEN SUCH RIGHTS ARE JURISDICTIONAL."
 ASSIGNMENT OF ERROR IV "THE PROBATE COURT ERRED IN FAILING TO DISMISS THE GUARDIANSHIP OR ORDER A NEW TRIAL WHERE THE STATEMENT OF EXPERT EVALUATION PROVIDED TO THE COURT AS EVIDENCE OF INCOMPETENCY WAS PRIVILEGED, CONFIDENTIAL AND WAS PROVIDED IN VIOLATION OF R.C. 2317.02, R.C. 4732.19, R.C. 5123.62(T) AND THE HEALTH INSURANCE PORTABILITY AND *Page 8 
ACCOUNTABILITY ACT OF 1996 (HIPAA), P1 104-191.110, STAT. 1936; 45 CFR PARTS 160-164."
 ASSIGNMENT OF ERROR V "THE PROBATE COURT ERRED IN FINDING A RECORD OF THE HEARING TO BE WAIVED AND BY FAILING TO MAKE A RECORDING OR TRANSCRIPT OF THE HEARING ON THE GUARDIANSHIP WHEN THE INDIVIDUAL WHO IS THE SUBJECT OF THE GUARDIANSHIP IS NOT PRESENT AT THE HEARING OR REPRESENTED BY COUNSEL."
 {¶ 13} In light of our dismissal of Appellant's appeal, we need not reach the merits of his assignments of error.
 III.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 9 
SLABY, P. J. WHITMORE, J. CONCUR
[1] OLRS is a state agency charged with advocating for the rights of individuals with disabilities. R.C. 5123.60.
[2] Appellant has also filed a notice of supplemental authority. Pursuant to Loc.R 8(E), "[i]f * * * a party intends to rely on cases decided after the filing of the briefs, * * * the party shall file a Notice of Supplemental Authority with the new material attached to the Notice." None of the cases attached to Appellant's Notice of Supplemental Authority were decided since Appellant filed his brief. Accordingly, we cannot consider this authority. *Page 1