OPINION
{¶ 1} This appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Plaintiff-Appellant, Ethel Pusey, Administratrix of the Estate of Darrell Pusey, appeals the decision of the Mahoning County Court of Common Pleas that denied Pusey's motion for a new trial after a jury verdict in favor of Defendant-Appellee, Greif Brothers Corporation. Pusey argues the trial court erred by denying her partial motion or summary judgment and by allowing a comparative negligence defense, but we do not have jurisdiction to address either of those issues.
 {¶ 2} In general, an appellate court does not have jurisdiction to review a trial court's judgment if an appeal is not filed within thirty days of that judgment, but there are limited exceptions to this general rule. A timely motion for a new trial will toll the time for filing a notice of appeal, but an untimely motion does not. Pusey's motion for a new trial was untimely since it was not filed within fourteen days after the trial court entered judgment for Greif Brothers, so it did not toll the time for filing a notice of appeal. Because Pusey filed her notice of appeal within thirty days after the trial court denied her motion for a new trial, not within thirty days of the trial court's decision entering judgment for Greif Brothers, we do not have jurisdiction to address her assignments of error. This appeal is dismissed.
 Facts {¶ 3} This case is a negligence action against Greif Brothers for the death of Darrell Pusey. Greif Brothers hired a company to protect its parking lot. That company in turn hired Eric Bator as a security guard. Bator was not certified as an armed guard. Nevertheless, he brought his own firearm with him while guarding Greif Brothers' property. One night, Bator found Darrell Pusey and a friend in Greif Brothers' parking lot. During a confrontation with the two men, Bator shot and killed Darrell Pusey. Darrel Pusey's grandmother then filed a complaint against Greif Brothers, the security company, and Bator. At this time, Pusey has settled with Bator and the security company, leaving Greif Brothers as the sole remaining defendant.
 {¶ 4} During the course of the litigation, the trial court granted a directed verdict to Greif Brothers, finding that it could not be held liable for the negligence of an independent contractor. This court affirmed that decision. Pusey v. Bator (Aug. 25, 2000), 7th Dist. No. 98 CA 55. The Ohio Supreme Court then granted a discretionary appeal and reversed this court's decision. See Pusey v. Bator, 94 Ohio St.3d 275, 2002-Ohio-0795. It held that "[w]hen an employer hires an independent contractor to provide armed security guards to protect property, the inherently-dangerous-work exception is triggered such that if someone is injured by the weapon as a result of a guard's negligence, the employer is vicariously liable even though the guard responsible is an employee of the independent contractor." Id. at syllabus. It remanded "the cause to the trial court for a fact-finder's determination whether Darrell's death was a result of [the security company]'s negligence." Id. at 282.
 {¶ 5} After the matter was remanded, Pusey moved for partial summary judgment on the issue of Greif Brothers' negligence and liability, which the trial court denied. The matter then proceeded to a jury trial. At the conclusion of that trial, the jury rendered a verdict in favor of Greif Brothers. It concluded that Darrell was 55% negligent and that Greif Brothers, YSP, and Bator were collectively only 45% negligent. Since the jury found Darrell was over 50% negligent, they followed the trial court's instructions as reflected on the jury interrogatories and entered a general verdict in Greif Brothers' favor on each of Pusey's claims. The trial court entered judgment reflecting this verdict on July 28, 2003. Copies of that judgment were mailed to the parties on July 29, 2003.
 {¶ 6} On August 19, 2003, Pusey moved for a new trial. She then followed this with an application for judgment ordering a new trial on October 14, 2003. The trial court denied Pusey's motion on November 10, 2003. Pusey filed her notice of appeal on December 9, 2003.
 {¶ 7} At oral argument we sua sponte raised issues regarding our jurisdiction to hear this appeal. We granted each party the opportunity to file supplemental memoranda addressing those jurisdictional issues. Pusey filed such a memorandum, but Greif Brothers did not.
 Jurisdiction {¶ 8} Pusey's assignments of error on appeal challenge the denial of partial summary judgment and the trial court's decision allowing Greif Brothers to pursue a defense of comparative negligence. But we cannot address the merits of Pusey's assignments of error since we do not have jurisdiction to hear this appeal.
 {¶ 9} Pursuant to App.R. 4(A), Pusey had thirty days to file a notice of appeal after the trial court entered judgment in Greif Brothers's favor after the jury verdict. "The timely filing of a notice of appeal is jurisdictional." State v. Cox, 7th Dist. No. 00 BA 17, 2001-Ohio-3448. App.R. 4(B)(2) provides an exception. "[I]f a party files a timely motion for * * * a new trial under Civ.R. 59(B) * * * the time for filing a notice of appeal begins to run as to all parties when the order disposing of the motion is entered." Id.
 {¶ 10} In order to be timely, Civ.R. 59(B) provides a motion for a new trial must be filed "not later than fourteen days after the entry of the judgment." Donofrio v. Amerisure Ins. Co. (1990), 67 Ohio App.3d 272,276; R-H-L Advertising Co. v. Americo Wholesale Plumbing Supply Co.
(1980), 69 Ohio App.2d 61, 62; Cosic v. Cosic, 8th Dist. No. 79555, 2002-Ohio-2030, ¶ 13; Snow v. Brown (Sept. 26, 2000), 10th Dist. No. 99AP-1234. Civ.R. 6(B) provides that a trial court "may not extend the time for taking any action under * * * Rule 59(B) * * * except to the extent and under the conditions stated in [it]." Civ.R. 59(B) does not provide any conditions for extending the time for filing a motion for a new trial. Thus, a trial court may not extend the period of time for moving for a new trial in a civil matter. Snow. Civ.R. 59(B) can be contrasted with Crim.R. 33(B) which specifically allows a criminal defendant to move for a new trial after the fourteen-day period under certain conditions.
 {¶ 11} Appellate courts have uniformly held that App.R. 4(B)(2)'s language "clearly" states that an untimely motion for a new trial does not suspend the thirty-day time limit for filing a notice of appeal.Donofrio; R-H-L Advertising; Cosic; Snow. Thus, a motion for a new trial filed more than fourteen days after the trial court enters judgment does not suspend the thirty-day time limit for filing a notice of appeal.
 {¶ 12} In this case, the trial court entered judgment for Greif Brothers on July 28, 2003. Pusey did not move for a new trial until August 19, 2003, nineteen days after the trial court entered judgment. Pusey did not file a notice of appeal until December 9, 2003, long past the thirty day period for filing a timely notice of appeal. Thus, Pusey did not file a timely notice of appeal from the trial court's decision granting judgment to Greif Brothers.
 {¶ 13} In her supplemental brief addressing this jurisdictional issue, Pusey notes that App.R. 4(A) provides that the time for filing a notice of appeal does not begin to run until "service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." Pusey then states that she cannot "ascertain the date of receipt of the notice," but that she nevertheless believes that she did not receive that notice within the three day period in Civ.R. 58(B). Accordingly, Pusey asks us to treat her notice of appeal as timely filed. We cannot do so.
 {¶ 14} Pusey's "belief" that she did not receive the notice within three days after it was filed is irrelevant. First, Pusey cannot definitively state that she did not receive the notice in a timely manner. Her "best guess" is insufficient to prove that she never received notice of the judgment. Second, the time for filing either the notice of appeal or the motion for a new trial began to run when the notice was mailed. Civ.R. 58(B) states that the clerk of courts shall serve notice of a judgment entry in the manner prescribed by Civ.R. 5(B). Civ.R. 5(B) provides for service by mail and states that such service "is complete upon mailing." In this case, the docket reflects that the clerk of courts mailed notice of the judgment entry to the parties on July 29th. Thus, service of the notice was complete on July 29th and the time for filing either the notice of appeal or a motion for a new trial began to run on July 28th.
 {¶ 15} Since Pusey did not file a notice of appeal within thirty days of the original order granting judgment to Greif Brothers, we do not have jurisdiction to review the trial court's decision. See Wigton v.Lavender (1984), 9 Ohio St.3d 40, 43. Accordingly, this appeal is dismissed.
Donofrio, P.J., concurs.
Vukovich, J., concurs.