DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Agnes Janossy, appeals from the Hocking County Municipal Court, Small Claims Division's judgment entry ordering her to pay damages to Plaintiff, Teresa Martin, and also from a subsequent judgment entry denying her motion for a new trial. Appellant raises a single assignment of error for our review, contending that the trial court "erred in granting judgment of cost of carpet replacement to Plaintiff, Teresa Martin." Because we find that Appellant did not timely file her notice of appeal, we *Page 2 
are without jurisdiction to consider her assigned error and, therefore, dismiss her appeal.
 FACTS {¶ 2} This case originated as a small claims action filed by Teresa Martin, pro se Plaintiff, against Agnes Janossy, pro se Defendant-Appellant. Martin filed a complaint in the Hocking County Municipal Court, Small Claims Division, for damage to property, theft, and clean-up, as a result of renting a cabin to Appellant for four days, where Appellant allowed approximately twenty teenagers to stay. After a bench trial, the trial court awarded damages to Martin in the amount of $1,218.30, the bulk of which consisted of a charge for carpet replacement totaling $1,060.00. A judgment entry, which included findings of fact and conclusions of law, was journalized on September 7, 2007.
 {¶ 3} Subsequently, on October 4, 2007, Appellant filed objections to the September 7, 2007, judgment entry. The trial court considered Appellant's objections, characterizing them as a motion for new trial brought pursuant to Ohio Rule of Civil Procedure 59(A). Ultimately, the trial court overruled Appellant's motion, based upon Ohio Rule of Civil Procedure 59(B), which requires that a motion for new trial be brought within fourteen *Page 3 
days of the date of judgment. That judgment entry was journalized on October 16, 2007.
 {¶ 4} Thereafter, Appellant filed a notice of appeal on October 30, 2007, fifty-four days after the filing of the September 7, 2007, judgment entry. That notice of appeal was erroneously filed in the Hocking County Court of Common Pleas, rather than the Hocking County Municipal Court. Appellant then re-filed her notice of appeal in the Hocking County Municipal Court on November 15, 2007. Attached to Appellant's notice of appeal is a copy of the original judgment entry dated September 7, 2007, a copy of Appellant's objections dated October 4, 2007, as well as a copy of the judgment entry dated October 16, 2007, which denied Appellant's motion for a new trial. Although it is not immediately clear which judgment entry Appellant is appealing, Appellant's brief seems to challenge the original September 7, 2007, judgment awarding damages to Martin, rather than the trial court's October 16, 2007, denial of her motion for new trial.
 {¶ 5} In her brief, Appellant assigns a single assignment of error for our review, as follows:
 ASSIGNMENT OF ERROR {¶ 6} "I. THE TRIAL COURT ERRED IN GRANTING JUDGMENT OF COST OF CARPET REPLACEMENT TO PLAINTIFF, TERESA MARTIN." *Page 4 
 JURISDICTION {¶ 7} Before we reach the merits of Appellant's appeal, we must first determine a threshold jurisdictional issue. Pursuant to App. R. 4(A), Appellant had thirty days to file a notice of appeal after the trial court entered judgment in Martin's favor after the bench trial. "`The timely filing of a notice of appeal is jurisdictional'" Pusey v.Bator, Mahoning App. No. 03 MA 239, 2005-Ohio-4691; citing State v.Cox, Belmont App. No. 00BA17, 2001-Ohio-3448; See also, Donofrio v.Amerisure Insurance Co. (1990), 67 Ohio App.3d 272, 586 NE.2d 1156. App. R. 4(B) provides an exception to the thirty day filing rule, providing that "if a party files a timely motion for * * * a new trial under Civ. R. 59(B) * * * the time for filing a notice of appeal begins to run as to all parties when the order disposing of the motion is entered." Pusey, supra; Cox, supra. (Emphasis added).
 {¶ 8} In order to be timely, Civ. R. 59(B) provides a motion for a new trial must be filed "not later than fourteen days after the entry of the judgment." Donofrio at 276, 586 NE.2d 1156; R-H-L Advertising Co. v.Americo Wholesale Plumbing Supply Co. (1980), 69 Ohio App.2d 61, 62,430 NE.2d 472; Cosic v. Cosic, Cuyahoga App. No. 79555, 2002-Ohio-2030, ¶ 13;Snow v. Brown (Sept. 26, 2000), Franklin App. No. 99AP-1234, *Page 5 2000 WL 1376442. Civ. R. 6(B) provides that a trial court "may not extend the time for taking any action under * * * Rule 59(B) * * * except to the extent and under the conditions stated in [it]." Further, and as correctly noted by the trial court in its October 16, 2007, judgment entry, Civ. R. 59(B) does not provide any conditions for extending the time for filing a motion for a new trial. Thus, a trial court may not extend the period of time for moving for a new trial in a civil matter.Snow.
 {¶ 9} As noted in Pusey, supra, appellate courts have uniformly held that App. R. 4(B)(2)'s language "clearly" states that an untimely motion for a new trial does not suspend the thirty-day time limit for filing a notice of appeal. Citing Donofrio, R-H-L Advertising, Cosic andSnow, supra. Thus, a motion for a new trial filed more than fourteen days after the trial court enters judgment does not suspend the thirty-day time limit for filing a notice of appeal.
 {¶ 10} In this case, the trial court entered judgment for Martin on September 7, 2007. Appellant did not move for a new trial until October 4, 2007, twenty-seven days after the trial court entered judgment, which was untimely and well beyond the fourteen day filing deadline. Since Appellant's motion for new trial was not timely filed, a tolling event did not occur for purposes of tolling the time in which to file the notice of appeal. Appellant *Page 6 
did not file a notice of appeal until October 30, 2007, long past the thirty day period for filing a timely notice of appeal. Thus, Appellant did not file a timely notice of appeal from the trial court's decision granting judgment to Martin.
 {¶ 11} Since Appellant did not file a notice of appeal within thirty days of the original order granting judgment to Martin, we do not have jurisdiction to review the trial court's decision. See Pusey, supra; citing Wigton v. Lavender (1984), 9 Ohio St.3d 40, 43, 457 N.E.2d 1172; See, also, Donofrio, supra. Accordingly, this appeal is dismissed.
 APPEAL DISMISSED. *Page 7 
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Municipal Court, Small Claims Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J.: Concurs in Judgment and Opinion.
Harsha, J.: Not Participating. *Page 1